## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

STEVE SLAVENS, FRANK
SLAVENS, and KEVIN LEVY,
individually and as representatives of a
class of participants and beneficiaries
on behalf of the Meritor 401(k) Plan,

                Plaintiffs,

      v.

MERITOR, INC., the BOARD OF
DIRECTORS OF MERITOR, INC.,
the MERITOR INC. EMPLOYEE
BENEFITS COMMITTEE, MIKE
LEI, TIMOTHY HEFFRON, and
JOHN DOES 1-21,

             Defendants.

Civil Action No. 2:20-cv-13047

Hon. Stephen J. Murphy, III

Mag. Anthony P. Patti

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL

Plaintiffs Steve Slavens, Frank Slavens, and Kevin Levy ("Named Plaintiffs"), by and through their attorneys Fink Bressack PLLC and Edelson Lechtzin LLP ("Class Counsel"), respectfully move the Court for an Order (1) preliminarily approving the Class Action Settlement Agreement ("Settlement") (2) preliminarily certifying the proposed Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2); (3) approving the form and method of Class Notice; (4) setting a date and time for a hearing (the "Fairness Hearing") for

1

consideration of final approval of the Settlement, of payment of attorneys' fees and expenses, and of a potential Case Contribution Award to the Named Plaintiffs; (5) enjoining Class Members from pursuing any claims that arise out of or relate in any way to the claims at issue in this action pending final approval of the settlement; and (6) approve the CAFA notice form.

Dated: November 23, 2021                    Respectfully submitted,


/s/ David Fink
David Fink (P28235)
Nathan Fink (P75185)
FINK BRESSACK
38500 Woodward Avenue
Suite 350
Bloomfield, MI  48304
Tel: (248) 971-2500
Email: dfink@finkbressack.com
Email: nfink@finkbressack.com

Eric Lechtzin (Fed. Bar ID 62096PA)
Marc Edelson (51834)
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA  18940
(215) 867-2399
Email: elechtzin@edelson-law.com;
Email: medelson@edelson-law.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEVE SLAVENS, FRANK SLAVENS, and KEVIN LEVY, individually and as representatives of a class of participants and beneficiaries on behalf of the Meritor 401(k) Plan,<br><br>     Plaintiffs,<br><br>  v.<br><br>MERITOR, INC., the BOARD OF DIRECTORS OF MERITOR, INC., the MERITOR INC. EMPLOYEE BENEFITS COMMITTEE, MIKE LEI, TIMOTHY HEFFRON, and JOHN DOES 1-21,<br><br>     Defendants. | Civil Action No. 2:20-cv-13047<br><br>Hon. Stephen J. Murphy, III<br><br>Mag. Anthony P. Patti |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... iii

CONCISE STATEMENT OF ISSUES PRESENTED ........................... vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ vii

I. INTRODUCTION ...................................................................................1

II. DISCUSSION .........................................................................................2

      A.    Procedural History ...........................................................................2

      B.    Terms of the Settlement Agreement ...............................................3

      C.    Reasons for the Settlement................................................................4

III. PROPOSED SCHEDULE .....................................................................5

IV. DISCUSSION .........................................................................................7

      A.    The Settlement Merits Preliminary Approval ..................................7

      B.    Final Approval Criteria Support Preliminary Approval .................8

           1.  There is No Risk of Fraud or Collusion.....................................9

           2.  The Complexity, Expense and Likely Duration Favor Settlement...............................................................................10

           3.  The Absence of Formal Discovery Does Not Disfavor Settlement...............................................................................11

           4.  The Likelihood of Plaintiffs' Success Weighed Against the Consideration Offered in the Settlement Favors Approval ......13

           5.  The Judgment of Experienced Class Counsel Weigh in Favor of approval...............................................................................14

           6.  Evaluation of Objections is Premature ....................................15

           7.  The Settlement's Consistency with Public Interest Favors Approval...............................................................................15

C.    Certification of the Class is also Appropriate ................................15

1. The Proposed Class Satisfies the Requirements of
   Rule 23(a).................................................................................16

2. The Class Satisfies the Requirements of Rule 23(b)(1) and
   (b)(2) .......................................................................................18

   a. Individual actions would create inconsistent adjudications
      or be dispositive of the interests of absent members .......18

   b. Defendants Have Acted on Grounds Generally Applicable
      to the Class and Relief for the Class as a Whole Is
      Appropriate .....................................................................19

3. Rule 23(g) is Satisfied..............................................................21

D.    The Proposed Notice Satisfies Rule 23 Due Process
      Requirements...................................................................................21

V.  CONCLUSION ......................................................................................22

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997)................................................................................15

*Berger v. Xerox Corp. Ret. Income Guarantee Plan,*
  338 F.3d 755 (7th Cir. 2003) ...............................................................20

*Berry v. Sch. Dist. of City of Benton Harbor,*
  184 F.R.D. 93 (W.D. Mich. 1998)......................................................... 8, 15

*Bublitz v. E.I. du Pont de Nemours & Co.,*
  202 F.R.D. 251 (S.D. Iowa 2001).........................................................20

*Carson v. Am. Brands, Inc.,*
  450 U.S. 79 (1981).................................................................................8

*Franks v. Kroger Co.,*
  649 F.2d 1216 (6th Cir. 1981),
  *vacated on other grounds and modified,* 670 F.2d 71 (1982) ................................7

*Granada Invs., Inc. v. DWG Corp.,*
  962 F.2d 1203 (6th Cir. 1992) ...............................................................15

*Griffin v. Flagstar Bancorp.,*
  No. 10-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)..........................13

*In re Am. Med. Sys., Inc.,*
  75 F.3d 1069 (6th Cir. 1996) ..................................................................17

*In re CMS Energy ERISA Litig.,*
  225 F.R.D. 539 (E. D. Mich. 2004) .......................................................19

*In re Dun & Bradstreet Credit Servs. Customer Litig.,*
  130 F.R.D. 366 (S.D. Ohio 1990)..........................................................9

*In re Telectronics Pacing Sys., Inc., Accufix Atrial "J" Prods. Liab. Litig.,*
  137 F.Supp. 2d 985 (S.D. Ohio 2001) ............................................... 8, 10

*Little Caesar Enters., Inc. v. Smith,*
  172 F.R.D. 236 (E.D. Mich. 1997) .......................................................17

*Mass. Mut. Life Ins. Co. v. Russell,*
  473 U.S. 134 (1985)..............................................................................16

*Mezyk v. U.S. Bank Pension Plan,*
  No. 09-384, 2011 WL 601653 (S.D. Ill. Feb. 11, 2011) ............................... 19, 20

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)...........................................................................21

*Newby v. Enron Corp.*,
    394 F.3d 296 (5th Cir. 2004) ...................................................... 11, 12

*Rankin v. Conaway*,
    No. 02-71045 (E.D. Mich. Feb. 9, 2006)..............................................22

*Rankin v. Rots*,
    220 F.R.D. 511 (E.D. Mich. 2004) ......................................... vii, 16, 17

*Sheick v. Automotive Component Carrier LLC*,
    No. 09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ...........12

*Smith v. Provident Bank*,
    170 F.3d 609 (6th Cir. 1999) ................................................................20

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*,
    262 F.3d 559 (6th Cir. 2001) ..................................................................7

*UAW v. Ford Motor Co. ("Ford Motor")*,
    No. 05-74730, 2006 WL 1984363, (E.D. Mich. July 13, 2006)............9

*UAW v. Gen. Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007) ..................................................................8

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983) ..................................................................8

**Statutes**

29 U.S.C. § 1104 ......................................................................................2
U.S. Class Action Fairness Act of 2005, at 28 U.S.C. § 1715(d) .............6

**Other Authorities**

6 James Wm. Moore, *et al*., MOORE'S FEDERAL PRACTICE (3d ed. 1999); MANUAL
    FOR COMPLEX LITIGATION (THIRD) § 13.44 (5th ed. 2014)...................7

Manual for Complex Litig. § 30.42 (3d ed. 1995)....................................8

Newberg on Class Actions, §§ 8.12, 8.15, 8.17, 8.28; 8:33 (5th ed. 2014) ............22

**Rules**

Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment) ....... 16

Fed. R. Civ. P. 23 ................................................................................................. vii

Fed. R. Civ. P. 23(b)(2) ................................................................. 1, 3, 19, 20

Fed. R. Civ. P.23(b)(1) ..................................................................... 1, 3, 19

Fed. R. Civ. P. 23(a)(3) ........................................................................... 18

Fed. R. Civ. P. 23(a)(4) ........................................................................... 18

Fed. R. Civ. P. 23(b)(1)(B) ...................................................................... 19

## CONCISE STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should preliminarily approve the Class Action Settlement Agreement.

2.      Whether the Court should preliminarily certify the proposed Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2).

3.      Whether the Court should approve the form and method of Class Notice.

4.      Whether the Court should set a Final Fairness Hearing, along with deadlines for Class Counsel to file and serve their motion for award of attorneys' fees and expenses and incentive fee for the Named Plaintiffs, and for Class Counsel to file their motion for final approval of the proposed Class Action Settlement Agreement.

5. Whether the Court should enjoin Class Members from pursuing any claims that arise out of or relate in any way to the claims at issue pending final approval of the settlement.

6. Whether the court should approve the CAFA notice form.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 23

*In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508 (E.D. Mich. 2003)

*Rankin v. Rots,* 220 F.R.D. 511 (E.D. Mich. 2004)

## I.  INTRODUCTION

Plaintiffs Steven Slavens, Frank Slavens, and Kevin Levy ("Named Plaintiffs"), by and through their attorneys, respectfully move the Court for an Order: (1) preliminarily approving the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") described herein; (2) preliminarily certifying the proposed Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2); (3) approving the form and method of Class Notice; (4) setting a date and time for a hearing (the "Fairness Hearing") for consideration of final approval of the Settlement,[1] of payment of attorneys' fees and expenses, and of a potential Case Contribution Award to the Named Plaintiffs; (5) enjoining Class Members from pursuing any claims that arise out of or relate in any way to the claims at issue in this action pending final approval of the settlement; and (6) approve the CAFA notice form.

The Settlement provides monetary consideration to current and former Plan participants. The Settlement also benefits Plan participants by requiring Defendants to issue a request for proposal ("RFP") for recordkeeping and administrative services for the Plan within two years of the Settlement Effective Date.[2]

---

[1] A copy of the Settlement Agreement is attached as Ex. A to the Declaration of Eric Lechtzin ("Lechtzin Decl.") filed herewith.

[2] All capitalized terms not defined in this Motion shall have the meaning accorded to them in the Settlement Agreement.

The Settlement resolves the claims against all Defendants, and was reached after vigorous arms-length negotiations stretching multiple months and Plaintiffs' consultation with a damages expert.[3]

## II. DISCUSSION

### A.    Procedural History

On November 13, 2020, a putative Class Action Complaint was filed in this Court against Meritor, Inc. and various other defendants alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Dkt. No. 1. The case was filed by Fink Bressack PLLC and Edelson Lechtzin LLP (collectively "Class Counsel"). The Complaint alleged that Defendants breached their fiduciary duties to the Plan and its participants in violation of 29 U.S.C. § 1104, by: (i) selecting and retaining certain funds in the Plan despite the availability of virtually identical or similar investment options with lower costs and/or better performance history; (2) failing to select the lowest cost share class for the funds within the Plan; and (3) under-utilizing collective trusts and separate accounts as alternatives to the mutual funds in the Plan, despite their lower fees.

---

[3] This Memorandum shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification.

Plaintiffs filed an Amended Class Action Complaint on April 16, 2021. Dkt. 10. Defendants served a Rule 11 letter on Plaintiffs' counsel addressing various allegations in the Amended Complaint. In response, Plaintiffs altered their allegations in a Second Amended Class Action Complaint on June 16, 2021. Dkt. 17. Thereafter, the parties engaged in extensive arms-length negotiations resulting in the settlement of this matter. The process was thorough, adversarial, and professional.

### B. Terms of the Settlement Agreement

The following summarizes the principal terms of the Settlement.[4]

1. **Monetary Consideration.** Defendants will contribute $470,000 the Gross Settlement Amount, to a qualified settlement fund.

2. **Nonmonetary Consideration.** Defendants will initiate an RFP for recordkeeping and administrative services for the Plan within two years of the Settlement Effective Date.

3. **Class.** The Settlement contemplates that the Court will certify a non-opt-out class under Fed. R. Civ. P. 23(b)(1) and/or (b)(2), including all participants and beneficiaries (or alternate payees of those individuals) in the Plan between November 13, 2014 and September 30, 2021.

---

[4] *See* Lechtzin Decl. at Ex. A.

3

4. **Released Claims.** Article 7 generally defines the Released Claims as claims brought by Plaintiffs or claims that could have been asserted by Plaintiffs based upon the allegations in the instant Action. *See* § 1.37 *et seq*.

5. **Notice.** A proposed Preliminary Approval Order is attached as Ex. C to the Lechtzin Decl. The Preliminary Approval Order provides for the following notices: (a) a settlement notice (Ex. 1 to the Preliminary Approval Order), to be emailed to the last known email address of members of the Settlement Class; (b) a settlement notice to be mailed to the last known mailing address to members of the Settlement Class without a known email address or whose email addresses are invalid; and (c) internet publication of the Settlement Agreement and Class Notice on www.Meritorerisasettlement.com.

6. **Attorneys' Fees.** By separate application to be filed prior to the Fairness Hearing, Class Counsel will seek an award of attorneys' fees, expenses and a Case Contribution Award for the Named Plaintiffs. Class Counsel will seek an award of $141,000 for attorneys' fees, up to $10,000 for litigation expenses and $7,500 for each of the Named Plaintiffs.

## C. Reasons for the Settlement

Plaintiffs have entered into this proposed Settlement with an understanding of the strengths and weaknesses of their claims. This understanding is based on: (1) the anticipated motion practice to be undertaken by the Parties; (2) investigation and

research; (3) the likelihood that Plaintiffs would prevail on their claims; (4) the range of possible recovery; (5) the substantial complexity, expense, and duration of litigation necessary to prosecute this action through trial, post-trial motions, and likely appeals, and the significant uncertainties in predicting the outcome of this complex litigation; and (6) Defendants' determination to fight and contest every aspect of the case. Having undertaken this analysis, Class Counsel and Plaintiffs have concluded that the Settlement is fair, reasonable, and adequate, and should be presented to the Court for approval.

### III.  PROPOSED SCHEDULE

The Parties have agreed to the following schedule of events, the dates of which will be determined after the Court enters the Preliminary Approval Order and sets a Fairness Hearing date:

| Event | Time for Compliance |
|---|---|
| Deadline for CAFA Notice | No later than ten (10) days after the filing of the motion for preliminary approval of the Settlement |
| Deadline for initial emailing and mailing of Class Notice and posting Notice to website | Within thirty (30) days of entry of the Preliminary Approval Order, |
| Deadline for filing Plaintiffs' motions for final approval, attorneys' fees and expenses, and Case Contribution Award to the Named Plaintiff | Forty-four (44) days prior to the proposed Fairness Hearing |
| Deadline for members of the Settlement Class to comment upon or object to the proposed Settlement | Fourteen (14) days prior to the proposed Fairness Hearing |
| Deadline for filing Plaintiffs' reply in support of motions for final approval, attorneys' fees and expenses, and Case Contribution Award to the Named Plaintiffs, and for either Parties to respond to any comments or objections | Seven (7) days prior to the proposed Fairness Hearing |
| Proposed Fairness Hearing | A date to be set by the Court, no sooner than one hundred and twenty (120) days after the motion for entry of the Preliminary Approval Order[5] |

---

[5] Pursuant to the U.S. Class Action Fairness Act of 2005, at 28 U.S.C. § 1715(d), the date of the Fairness Hearing must be at least 90 days after notices are served on the appropriate state and federal officials.

# IV.  DISCUSSION

Strong judicial policy favors resolution of class action litigation prior to trial.

*Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981), *vacated on other grounds and modified*, 670 F.2d 71 (1982).[6]

## A.     The Settlement Merits Preliminary Approval

The Sixth Circuit has specified the process whereby class action settlements are approved, and the standards that should be applied at each stage:

> (1) the court must preliminarily approve the proposed settlement, i.e., the court should determine whether the compromise embodied in the decree is illegal or tainted with collusion; (2) members of the class must be given notice of the proposed settlement; and (3) a hearing must be held to determine whether the decree is fair to those affected, adequate and reasonable.

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001). This case is now at the first step of the process outlined in *Tennessee Ass'n.* "Unless it appears that the compromise embodied in the agreement is illegal or tainted with collusion, the court must order that notice be given to the class of the

---

[6] 6 James Wm. Moore, *et al.*, MOORE'S FEDERAL PRACTICE (3d ed. 1999); MANUAL FOR COMPLEX LITIGATION (THIRD) § 13.44 (5th ed. 2014) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.") and § 13:45 ("[A] court will presume that a proposed class action settlement is fair when certain factors are present, particularly evidence that the settlement is the product of arms-length negotiation, untainted by collusion.")

proposed agreement and must order a fairness hearing." *Berry v. Sch. Dist. of City of Benton Harbor,* 184 F.R.D. 93, 97 (W.D. Mich. 1998).

### B.    Final Approval Criteria Support Preliminary Approval

As a preliminary matter, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). In addition, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *In re Telectronics Pacing Sys., Inc., Accufix Atrial "J" Prods. Liab. Litig.*, 137 F. Supp. 2d 985, 1008-09 (S.D. Ohio 2001) (citing Manual for Complex Litig. § 30.42 (3d ed. 1995)). The Court's inquiry on preliminary approval is thus limited to the consideration of whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Williams v. Vukovich,* 720 F.2d 909, 921-23 (6th Cir. 1983).

The Sixth Circuit has identified a number of factors that are relevant in determining whether a settlement is fair, reasonable and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). "The Court may choose to consider only

those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *UAW v. Ford Motor Co. ("Ford Motor")*, No. 05-74730, 2006 WL 1984363, at \*22 (E.D. Mich. July 13, 2006).

### 1. There is No Risk of Fraud or Collusion

"Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered." *Ford Motor*, 2006 WL 1984363, at \*26 (quotation and citation omitted). Settlement approval is appropriate where an agreement is based upon "arms-length negotiations," – *i.e.*, where there is no "collusion or coercion in favor of any party or sub-group of class members." *See In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990).

As noted above, the Parties participated in arms-length negotiations without collusion. Following numerous conferences over multiple months, and the exchange of hundreds of pages of documents from Meritor to Plaintiffs' counsel, the Parties reached an agreement. Lechtzin Decl. ¶¶ 3-5. The documents produced by Defendants included consultant reports that Defendants claim to have relied upon in making decisions concerning the investment options offered by the Plan. ¶ 3. Had this case been fully litigated, Defendants would have relied upon such evidence as support for their contention that they regularly reviewed the Plan's investment options, including fund-by-fund comparisons to relevant index benchmarks and peer

9

group medians, detailed risk analyses, style analysis, and other relevant factors. Thus, Defendants would have argued that their decisions to select and retain certain investment options (including T. Rowe Price target retirement date funds, Mid-Cap Fund, Growth & Income Fund, Growth Stock Fund) in the Plan was the product of a prudent decision-making process. *Id.* 4. The documents produced by Defendants also included independent fee benchmarking analyses of the Plan's recordkeeping fees performed by a nationally recognized provider, which Defendants claim to have relied upon in making decisions concerning such services. ¶ 4. Indeed, Class Counsel's understanding is that Defendants had begun drafting a motion to dismiss raising these arguments due to uncertainty about whether the settlement negotiations would result in an agreement or not. *Id.* ¶ 5.

### 2.    The Complexity, Expense and Likely Duration Favor Settlement

"Settlements should represent a 'compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 523 (E.D. Mich. 2003) (quoting *Vukovich,* 720 F.2d at 922). This is particularly true with class actions, which are "inherently complex." *Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d at 1013. "[S]ettlement avoids the costs, delays, and multiple of other problems associated with them." *Id.*

10

Plaintiffs recognize the possibility that the outcome of the case may not be as expected. Class Counsel believe that pursuant to ERISA, Defendants breached their fiduciary duties to the Plan participants. However, Plaintiffs are also aware that Defendants adamantly dispute this position and that the Court and ultimately the Sixth Circuit could disagree with Plaintiffs.

In addition, presenting an ERISA case of this type on the merits is a massive undertaking, with substantial risks, expense, and delay. Defendants have forcefully raised defenses to their actions with respect to the Plans to date, including through a Rule 11 letter along with the informal production of documents that included Employee Benefit Committee meeting minutes and consultant reports, and there is no reason to believe they would not continue to do so through trial on appeal if necessary. The monetary consideration to the Plan is far better for the Plans' participants than the possibility of a more significant recovery, if any, after an expensive and protracted trial and appeal.

### 3. The Absence of Formal Discovery Does Not Disfavor Settlement

"[T]he absence of formal discovery is not an obstacle [to settlement approval] so long as the parties and the Court have adequate information in order to evaluate the relative position of the parties." *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-CV-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) (quoting *Newby v. Enron Corp.*, 394 F.3d 296, 306 (5th Cir. 2004)). *See also Sheick v. Automotive*

*Component Carrier LLC,* No. 09-14429, 2010 WL 4136958, at *19 n.3 (E.D. Mich. Oct. 18, 2010) (noting that "courts do not require formal discovery so long as the parties have adequate information in order to evaluate the relative positions") (quoting *Newby,* 394 F.3d at 306 ("Formal discovery [is not] a necessary ticket to the bargaining table")).

In this case, prior to filing their claims, Class Counsel extensively investigated the publicly available information and investigated the facts, including review and analysis of Plan-related documentation including the Summary Plan Description, analysis of the Plan's publicly available financial statements such as forms 5500 and auditor's reports filed with the U.S. Department of Labor, participant fee disclosures, participants' account statements, prospectuses and other documents concerning the Plan's investment options, Morningstar's reviews and analyses of the Plan's investment options, and interviews of Plan participants. Lechtzin Decl. ¶ 2. Moreover, after the case was filed, Defendants voluntarily produced 44 key documents, which span hundreds of pages, reflecting the Plan fiduciaries' decision-making process, and the fiduciary process for monitoring the Plan's investments and fees, including: fiduciary committee documents, fee benchmarking reports, investment fund performance analyses, investment policy statements, the Plan's recordkeeping agreement, ERISA § 408(b)(2) disclosures showing investment fund rebates and recordkeeping costs, the Plan Document, participant investment

12

performance and fee disclosures, and email communications related to Plan fund lineup changes. Lechtzin Decl. ¶ 2. This informal discovery, in addition to Class Counsel's extensive investigation of publicly available documents, gave Class Counsel adequate information to evaluate its position in this dispute.

Accordingly, the "absence of formal discovery in this case in no way undermines the integrity of the settlement given the extensive investigation that has occurred as a result of proceedings thus far which demonstrates that counsel have a full understanding of the strengths and weaknesses of their case." *Griffin*, 2013 WL 6511860, at *4.

> **4.    The Likelihood of Plaintiffs' Success Weighed Against the Consideration Offered in the Settlement Favors Approval**

Class Counsel believe strongly in their claims and the legal basis for them. But there is risk in any litigation, and especially here, where the area of the law – ERISA – is among the most nuanced, unpredictable, and rapidly developing areas of law. Indeed, the Supreme Court has recently granted certiorari to decide questions concerning the pleading standard applicable to claims similar to those raised in this action. See *Hughes v. Northwestern Univ.*, 953 F.3d 980 (7th Cir. 2020), *cert. granted*, No. 19-1401 (U.S. July 2, 2021) (plaintiffs seek reversal of a Seventh Circuit opinion that affirmed the dismissal of ERISA fiduciary duty claims). As a result, any prediction of success is far from reliable.

If this Settlement is not approved, a substantial amount of work will need to be completed, including dispositive motion practice, completion of fact discovery, class certification, designation of witnesses and exhibits, disclosure of expert witnesses, preparation of pre-trial memoranda and proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's almost-certain appeal. Plaintiffs believe that their claims would be successful, but nonetheless are aware of the risks associated with proceeding to trial.

### 5. The Judgment of Experienced Class Counsel Weigh in Favor of approval

Class Counsel have extensive experience in handling complex ERISA litigation. Furthermore, Class Counsel have been able to develop the issues in this case to an appropriate point for settlement. They have conducted an extensive investigation; received key, non-public documents from Defendants, as described above; participated in numerous negotiations concerning the issues in this litigation; and retained an expert to assess damages and create a Plan of Allocation. While there is much to be done to prepare the case for trial, Plaintiffs possess a comprehensive understanding of both the strengths and the weaknesses of their claims, and believe that the Settlement is fair, reasonable and is in the best interests of the Plan and the Class. This opinion weighs heavily in favor of both preliminary and final approval of the Settlement.

**6.      Evaluation of Objections is Premature**

Class Counsel will address any objections at the final approval hearing.

**7.      The Settlement's Consistency with Public Interest Favors Approval**

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. at 530 (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). Settlements are "particularly desirable in cases such as this one, where remedial measures must be implemented over extended periods of time...." *Berry*, 184 F.R.D. at 97. Here, there are no contravening public interest justifications sufficient to support deviating from the public interest served by settlement of this action, which provides monetary consideration to the Class. This factor weighs strongly in favor of approval as well.

**C.      Certification of the Class is also Appropriate**

Class certification is governed by Federal Rule of Civil Procedure 23, regardless of whether certification is sought pursuant to a contested motion or, as here, pursuant to a settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-29 (1997) ("The safeguards provided by the Rule 23(a) and (b) class-qualifying criteria ... are not impractical impediments—checks shorn of utility—in the settlement-class context."). Thus, the Court may certify the proposed class at this

15

time upon finding that the action satisfies the four prerequisites of Rule 23(a) and one or more of the three subdivisions of Rule 23(b). *Id.*

Courts in this jurisdiction have consistently found that class certification is appropriate in ERISA cases. *See Rankin v. Rots,* 220 F.R.D. 511 (E.D. Mich. 2004) ("*Kmart Class Cert.*"); *see also* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment) (certification under Fed. R. Civ. P. 23(b)(1) is appropriate in cases charging breach of trust by a fiduciary to a large class of beneficiaries). Congress has similarly embraced the use of representative actions to enforce ERISA. *See Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142 n.9 (1985) (noting Congress' clearly expressed intent that ERISA "actions for breach of fiduciary duty be brought in representative capacity on behalf of the plan as a whole"). Thus, this Action, which seeks relief on behalf of the *Plan* is precisely the type of case that Fed. R. Civ. P. 23 was enacted to address.

### 1.   The Proposed Class Satisfies the Requirements of Rule 23(a)

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Plaintiffs allege that the Class consists of over 5,000 individuals. *See* Second Amended Class Action Complaint, ¶ 47. Thus, the Settlement Class is too large for joinder to be practicable.

Rule 23(a)(2) requires that a proposed class action raise "questions of law or fact common to the class." "[T]here need be only a single issue common to all

16

members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (quotations and citations omitted). Plaintiffs have identified a series of common questions of law and fact, including: (a) whether Defendants are fiduciaries of the Plan; (b) whether Defendants breached their fiduciary duties of loyalty and prudence by engaging in the conduct alleged in the Complaint; and (c) whether the Board Defendants failed to adequately monitor the Committee and other fiduciaries to ensure the Plan was being managed in compliance with ERISA. All of these questions and issues are common to the Settlement Class. *See*, *e.g.*, *Kmart Class Cert.*, 220 F.R.D. at 517-18 (identifying similar common issues and concluding as well that the claim for a breach of the duty of prudence "clearly presents a common issue.").

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. "The typicality requirement is met if the plaintiff's claim 'arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory." *Kmart Class Cert.,* 220 F.R.D. at 518 (quoting *Little Caesar Enters., Inc. v. Smith,* 172 F.R.D. 236, 242-43 (E.D. Mich. 1997)). Plaintiffs' claims and Defendants' alleged failure to maintain the Plan in accordance with ERISA arise from the same course of events. Moreover, with each member of the Settlement Class asserting the same claims arising from the same conduct by

Defendants and seeking the same relief on behalf of the Plan, there can be no fair dispute that the claims asserted by Plaintiffs are typical for purposes of Rule 23(a)(3).

Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class they seek to represent. "[T]he Sixth Circuit appears to focus on the adequacy of plaintiff's counsel and whether plaintiff has a conflicting interest, not the personal qualifications of the named plaintiff." *Kmart Class Cert.,* 220 F.R.D. at 520. These requirements are easily met in the case at bar. Plaintiffs' interests are the same as those of the absentee members of the Class: all seek to increase the retirement security of the Plan participants, through monetary relief. There can be no question that the Named Plaintiffs' interests are aligned with those of the Class, and they have retained qualified counsel with extensive experience in representing plaintiffs in class litigation, including ERISA cases.

### 2. The Class Satisfies the Requirements of Rule 23(b)(1) and (b)(2)

#### a. *Individual actions would create inconsistent adjudications or be dispositive of the interests of absent members*

A class may be certified under Fed. R. Civ. P. 23(b)(1) if, in addition to meeting the requirements of Fed. R. Civ. P. 23(a), the prosecution of separate actions by individual class members would create the risk of inconsistent adjudications, which would create incompatible standards of conduct for the defendant, or would

18

as a practical matter be dispositive of the interests of absent members. Fed. R. Civ. P. 23(b)(1)(A) and (B). Courts have certified classes under Fed. R. Civ. P. 23(b)(1) in ERISA cases for those very reasons. *See In re CMS Energy ERISA Litig.,* 225 F.R.D. 539, 546 (E. D. Mich. 2004); *see also Mezyk v. U.S. Bank Pension Plan,* No. 09-384, 2011 WL 601653, at *9 (S.D. Ill. Feb. 11, 2011) (Rule 23(b)(1)(A) certification appropriate "to establish one single standard of conduct for the defendants' administration of [a defined benefit Plan]" where participants sought "broad declaratory and injunctive relief" regarding whether plan provisions violated ERISA.).

Moreover, the Advisory Committee on Rule 23 specifically noted that actions that "charge[] a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of … beneficiaries" – *i.e.*, an action like the present action – "should ordinarily be conducted as class actions" under Rule 23(b)(1)(B). *See* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment). As a result, certification of the proposed class under Rule 23(b)(1) is appropriate in this ERISA Action.

### b. *Defendants Have Acted on Grounds Generally Applicable to the Class and Relief for the Class as a Whole Is Appropriate*

A class may be certified under Fed. R. Civ. P. 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Here, Plaintiffs allege that Defendants failed to comply with their ERISA fiduciary duties on a Plan-wide basis. The available remedies include monetary relief and remedial equitable relief to the Plans as a whole. ERISA §§ 502(a)(2) & (3).

Remedies under ERISA § 502(a)(2) are by definition plan-wide, a classic example of equitable relief. *See*, *e.g.*, *Smith v. Provident Bank*, 170 F.3d 609, 616 (6th Cir. 1999) ("ERISA authorizes participants to sue on behalf of a plan for breach of fiduciary duty, *see* 29 U.S.C. § 1132(a)(2) … Permitting such suits by participants is the mechanism which Congress established to enforce the plan's right to recover for a breach of fiduciary duty.") (citing 29 U.S.C. §§ 1109(a), 1132(a)).

While the Settlement includes monetary consideration to the Plan, that consideration is incidental to, and flows directly from, Plaintiffs' prayer for injunctive and declaratory relief. *See Mezyk*, 2011 WL 601653, at *9 ("It is true that if such relief were awarded, class members may receive monetary benefits that would naturally flow from the award of declaratory or injunctive relief. However, that does not detract from the fact that the relief sought is predominantly declaratory or injunctive in nature."); *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D. 251, 259 (S.D. Iowa 2001) (same); *see also Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763-64 (7th Cir. 2003) (certifying Fed. R. Civ. P. 23(b)(2) class

where ERISA plaintiffs sought declaratory relief).  Accordingly, Plaintiffs' claims are also properly certified under Rule 23(b)(2).

### 3.    Rule 23(g) is Satisfied

Federal Rule of Civil Procedure 23(g) requires the Court to examine the capabilities and resources of class counsel. Class Counsel has explained the claims brought in this action, and the time and effort already expended in connection with this litigation. Moreover, Class Counsel are among the leading ERISA plaintiffs' firms, and possess unparalleled expertise in the specific types of ERISA claims brought in this lawsuit. Class Counsel thus satisfy the requirements of Rule 23(g).

### D.    The Proposed Notice Satisfies Rule 23 Due Process Requirements

In order to satisfy due process considerations, notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, the proposed Class Notice describes in plain English the Settlement; the considerations that caused Plaintiffs and Class Counsel to conclude that the Settlement is fair and adequate; the maximum attorneys' fees and Case Contribution Award for the Named Plaintiffs that may be sought; the procedure for objecting to the Settlement; and the date and place of the Fairness Hearing.

With the Court's approval, the Class Notice will be emailed (or mailed to those for whom the Settlement Administrator has no email address) to each member of the Settlement Class, no later than thirty (30) days after the entry of the Preliminary Approval Order. Last known addresses of members of the Class are available from the Plan's current recordkeeper. In addition, the Settlement Agreement and Class Notice will be published on www.Meritorerisasettlement.com. The proposed forms of notice will fairly apprise members of the Class of the Settlement Agreement and their options with respect thereto, and therefore, fully satisfy due process requirements. *See* Newberg on Class Actions, §§ 8.12, 8:15, 8:17, 8:28; 8:33 (5th ed. 2014). Similar Notice Plans in ERISA settlements have been approved. *Rankin v. Conaway*, No. 02-71045 (E.D. Mich. Feb. 9, 2006).

## V. CONCLUSION

Class Counsel respectfully request the Court grant Plaintiffs' motion and (i) enter the Preliminary Approval Order, which provides for certification of and notice to the Class as described herein, and (ii) sets a Final Fairness Hearing, along with deadlines for Plaintiffs to (a) file and serve the motion for award of attorneys' fees and expenses and for a Case Contribution Award for the Named Plaintiffs and (b) file their motion for final approval of the proposed Settlement.

Dated: November 23, 2021                    Respectfully submitted,

/s/ David H. Fink
David Fink (P28235)

22

Nathan Fink (P75185)
FINK BRESSACK PLLC
38500 Woodward Avenue
Suite 350
Bloomfield, MI  48304
Tel: (248) 971-2500
Email: dfink@finkbressack.com
Email: nfink@finkbressack.com

Eric Lechtzin (Fed. Bar ID 62096PA)
Marc Edelson (51834)
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Tel: (215) 867-2399
Email: elechtzin@edelson-law.com;
Email: medelson@edelson-law.com

*Attorneys for Plaintiffs*

23

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send notification

of such filing to the following:

> Christopher J. Boran
> Samuel D. Block
> Morgan Lewis & Bockius LLP
> 110 N. Wacker Drive
> Chicago, IL 60606
> Tel: (312) 324-1000
> Email: christopher.boran@morganlewis.com
> Email: samuel.block@morganlewis.com
>
> Brian T. Ortelere
> Morgan Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA 19103-2921
> Tel: (215) 963-5150
> Email: brian.ortelere@morganlewis.com

> */s/ Nathan J. Fink*
> David Fink (P28235)
> Nathan Fink (P75185)
> FINK BRESSACK PLLC
> 38500 Woodward Avenue
> Suite 350
> Bloomfield, MI 48304
> Tel: (248) 971-2500
> Email: dfink@finkbressack.com
> Email: nfink@finkbressack.com