# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEVE SLAVENS, FRANK SLAVENS, and KEVIN LEVY, individually and as representatives of a class of participants and beneficiaries on behalf of the Meritor 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>MERITOR, INC., the BOARD OF DIRECTORS OF MERITOR, INC., the MERITOR INC. EMPLOYEE BENEFITS COMMITTEE, MIKE LEI, TIMOTHY HEFFRON, and JOHN DOES 1-21,<br><br>Defendants. | Civil Action No. 2:20-cv-13047<br><br>Hon. Stephen J. Murphy, III<br><br>Mag. Anthony P. Patti<br><br>**DECLARATION OF ERIC LECHTZIN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Eric Lechtzin, declare under penalty of perjury of the laws of the United States as follows:

1. I am a Managing Partner at the Law Firm of Edelson Lechtzin LLP. I am counsel for Plaintiffs and the putative Class in the above-captioned matter. I am the partner in charge of overseeing this litigation at Edelson Lechtzin LLP. I am an active member of the Bars of the State of California, the State of New Jersey, and the Commonwealth of Pennsylvania. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

2. To assess the potential value of the claims, Class Counsel hired an expert in defined benefit pension plans and investment funds to assess the losses for the recordkeeping fees and alleged imprudent investments. Class counsel also extensively investigated the publicly available information, including the Plan related documents, Meritor Inc.'s publicly available financial statements and interviewed several Plan participants. Class counsel also reviewed extensive documents produced informally by Defendants.

3. The documents produced by Defendants included consultant reports that Defendants claim to have relied upon in making decisions concerning the investment options offered by the Plan. Had this case been fully litigated, Defendants would have relied upon such evidence as support for their contention that they regularly reviewed the Plan's investment options, including fund-by-fund comparisons to relevant index benchmarks and peer group medians, detailed risk analyses, style analysis, and other relevant factors. Thus, it is believed that Defendants would have argued that their decisions to select and retain certain investment options (including T. Rowe Price target retirement date funds, Mid-Cap Fund, Growth & Income Fund, Growth Stock Fund) in the Plan was the product of a prudent decision-making process.

4. The documents produced by Defendants also included independent fee benchmarking analyses of the Plan's recordkeeping fees performed by a nationally

recognized provider, which Defendants' claim to have relied upon in making decisions concerning such services.

5. Over the course of several months, the Parties negotiated an arms-length settlement. During this time, Plaintiffs were faced with the uncertainty whether Defendants would file a Motion to Dismiss Plaintiffs' Second Amended Complaint. Even if the Second Amended Complaint were to survive a motion to dismiss, Plaintiffs faced an uphill battle in proving that Defendants' fiduciary process was flawed in light of the documents Plaintiffs have received to date.

6. In evaluating imprudent investment claims under ERISA, courts focus on the process the fiduciaries used to monitor the challenged investment options. *See*, *e.g.*, *Pfeil v. State Street Bank and Trust Co.*, 806 F.3d 377, 384 (6th Cir. 2015) ("The test for determining whether a fiduciary has satisfied his duty of prudence is whether the individual trustees, at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the investment and to structure the investment.") (citation omitted).

7. The Settlement consists of a gross settlement amount of $470,000.00 which will be deposited into a qualified settlement fund and additionally, Defendants will initiate an RFP for recordkeeping and administrative services for the Plan within two years of the Settlement Effective Date.

8.     The Settlement Administrator established a website at www.Meritorerisasettlement.com which will contain information regarding this case and the settlement including the Class Notice, contact information for the Settlement Administrator, the Settlement Agreement, the Court's Preliminary Approval Order, along with Class Counsel's Motion for Attorneys' Fees and reimbursement of litigation expenses, Case Contribution Awards to the Class Representatives, and the supporting declarations.

9.     Class Counsel believe that Plaintiffs' claims are strong, but recognize that those claims are subject to potential defenses and counterarguments.

10.    As support for Plaintiffs' Motion for Preliminary Approval, attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement.

11.    Attached hereto as Exhibit B is the proposed Plan of Allocation.

12.    Attached as Exhibit C is the proposed Preliminary Approval Order.

13.    Attached as Exhibit D is the proposed Final Approval Order.

14.    Attached as Exhibit E is the proposed Notice of a Proposed Class Action Settlement in the above-referenced class actions pursuant to the Class Action Fairness Act of 2005 ("CAFA").

The foregoing is true and correct to the best of my knowledge and belief.

Executed this 23rd day of November, 2021 in Newtown, Pennsylvania.

                                              */s/Eric Lechtzin*
                                              ERIC LECHTZIN