# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| STEVE SLAVENS, FRANK SLAVENS and KEVIN LEVY, individually and as representatives of a class of participants and beneficiaries on behalf of the Meritor 401(k) Plan, | ) ) ) ) ) | Case No. 2:20-cv-13047 |
| | ) | Hon. Stephen J. Murphy, III |
| Plaintiffs, | ) ) | Mag. Anthony P. Patti |
| v. | ) ) | |
| MERITOR INC., the BOARD OF DIRECTORS OF MERITOR, INC., the MERITOR, INC. EMPLOYEE BENEFITS COMMITTEE, MIKE LEI, TIMOTHY HEFFRON, and JOHN DOES 1-30, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendants.

NOW, THEREFORE, without any admission or concession on the part of the Class Representatives of any lack of merit of the Class Action whatsoever, and without any admission or concession on the part of Defendants as to the merits of the allegations or claims asserted in the Class Action, it is hereby STIPULATED AND AGREED, by and among the Settling Parties to this Settlement Agreement, through their respective attorneys, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Settling Parties hereto from the Settlement Agreement, that all Released Claims as against the Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

1.      **ARTICLE 1 – DEFINITIONS**

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

1.1.    "Active Account" means an individual investment account in the Plan with a balance greater than $0.

1.2.    "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notice to the Class Members, including but not limited to the fees of the Plan's Recordkeeper to identify the names and addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Section 4.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plan's Recordkeeper associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Settlement Administrator and Escrow Agent; and (e) all fees and expenses of the Independent Fiduciary, not to exceed $20,000.  Excluded from Administrative Expenses are Defendants' internal expenses; all fees, expenses, and costs associated with providing CAFA Notices, which Defendants shall bear; and the Settling Parties' respective legal fees and expenses.  Administrative Expenses shall be paid from the Gross Settlement Amount.

1.3.    "Alternate Payee" means a Person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a QDRO.

1.4.    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel.  The amount of attorneys' fees for Class Counsel shall not exceed 30% of the Gross Settlement Amount (a maximum amount of $141,000.00), which shall be recovered from the Gross Settlement Amount.  Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this Class Action, including the pre-litigation investigation period, not to exceed $20,000.00, which also shall be recovered from the Gross Settlement Amount.

1.5.    "Authorized Administrator" means any entity, other than the Recordkeeper, with appropriate administrative authority under the Plan.

1.6.    "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive death benefits payable under the Plan, on either a primary or contingent basis, other than an Alternate Payee.

1.7.    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.8.    "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant CAFA, to be issued by Defendants, substantially in the form set forth in Exhibit E hereto.

1.9.    "Case Contribution Awards" means the monetary amount awarded by the Court to each Class Representative in recognition of the Class Representative's assistance in the prosecution of this Class Action, for which Class Counsel may seek an amount not exceeding $7,500.00 per Class Representative payable from the Gross Settlement Amount.  Any such Case Contribution Award shall be subject to the approval of the Court.

1.10.    "Class Action" means the putative class action lawsuit filed by Plaintiffs against Meritor, including the claims asserted in Plaintiffs' Second Amended Complaint and/or any prior complaints, styled *Slavens, et al. v. Meritor, Inc., et al.* in the United States District Court for the Eastern District of Michigan and all other claims Plaintiffs could have brought against Meritor or any of the Released Parties in this matter.

1.11.    "Class Counsel" means Edelson Lechtzin LLP.

1.12.    "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

1.13.    "Class Period" means the period from November 13, 2014, through September 30, 2021.

1.14.    "Class Representatives" means Steve Slavens, Frank Slavens, and Kevin Levy.

1.15.    "Complaint" means the Seconded Amended Complaint filed in the Class Action.

1.16.    "Court" means the United States District Court for the Eastern District of Michigan.

1.17.    "Defendants" means the Meritor, Inc., Board of Directors of Meritor, Inc., Meritor, Inc. Employee Benefits Plan Committee, Mike Lei, and Timothy Heffron.

1.18.    "Defense Counsel" means Morgan, Lewis & Bockius LLP.

1.19.    "Escrow Agent" means Huntington Bank, or another entity agreed to by the Settling Parties.

1.20.    "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.

1.21.    "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Case Contribution Awards; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e).  The Fairness Hearing may be conducted telephonically.

1.22.    "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review

Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.  The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty-one (31) calendar days after its entry by the Court.

1.23.    "Final Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit D hereto.

1.24.    "Former Participant" means a member of the Settlement Class who does not have an Active Account as of the date of the Final Order.

1.25.    "Gross Settlement Amount" means the sum of four hundred seventy thousand dollars ($470,000), contributed by Defendants or their insurer to the Qualified Settlement Fund in accordance with Article 5.  The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made by or on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement. Neither Defendants nor their insurer(s) will make any additional payment in connection with the Settlement of the Class Action.

1.26.    "Independent Fiduciary" means Fiduciary Counselors, Inc., which has no relationship to any of the Settling Parties and will serve as an independent fiduciary to the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 2.1.

1.27.    "Meritor" means Meritor, Inc.

1.28.    "Net Settlement Amount" means the Gross Settlement Amount minus (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

1.29.    "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.30.    "Plaintiffs" means the Class Representatives and each member of the Settlement Class.

1.31.    "Plan" means the Meritor, Inc. Savings Plan, and each of its predecessor plans or successor plans, individually and collectively, and any trust created under such plans.

1.32.  "Plan of Allocation" means the method of allocating settlement funds to Class Members.  A proposed form of the Plan of Allocation is attached hereto as Exhibit B.

1.33.  "Preliminary Approval Order" means the order of the Court in substantially the form attached hereto as Exhibit C, whereby the Court preliminarily approves this Settlement.

1.34.  "QDRO" means a Qualified Domestic Relations Order within the meaning of 26 U.S.C. § 414(p).

1.35.  "Qualified Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.36.  "Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

1.37.  "Released Claims" means any and all past, present, and future actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action, accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts or failures to act from November 13, 2014 to the date of execution of this Settlement Agreement:

    1.37.1. That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint or in any complaint previously filed in the Class Action; or

    1.37.2. That arise out of, relate in any way to, are based on, or have any connection with (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plan's investment options or service providers; (b) disclosures or failures to disclose information regarding the Plan's investment options, fees, or service providers; (c) the management, oversight or administration of the Plan or its fiduciaries; (d) the use of Plan-related information by any of the Plan's service providers, including in marketing and selling investment and wealth management products to the Plan's participants; or (e) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions under ERISA; or

    1.37.3. That would be barred by *res judicata* based on entry of the Final Order; or

    1.37.4. That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation; or

1.37.5. That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

1.37.6. The Class Representatives, Class Members and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity

1.38. "Released Parties" means (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors In Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

1.39. "Representatives" shall mean representatives, attorneys, agents, directors, officers, or employees.

1.40. "Review Proceeding" shall have the meaning set forth in Section 1.23.

1.41. "Settlement" means the settlement to be consummated under this Settlement Agreement and its exhibits, including any modifications or amendments adopted pursuant to Section 14.13.

1.42. "Settlement Administrator" means Angeion Group, the entity selected and retained by Class Counsel to administer the Settlement and Plan of Allocation.

1.43. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

1.44. "Settlement Agreement Execution Date" means the date on which the final signature is applied to this Settlement Agreement.

1.45.   "Settlement Class" means all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are the members of the Plan's fiduciary committee during the Class Period.

1.46.   "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 12.

1.47.   "Settlement Notice" means the Notice of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit A.  The Settlement Notice shall inform Class Members of a Fairness Hearing to be held with the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Case Contribution Awards.

1.48.   "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

1.49.   "Successor-In-Interest" shall mean a Person or Party's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.50.   "Transferor" means Meritor, as the "transferor" within the meaning of Treas. Reg. § 1.468B-1(d)(1).

**2.     ARTICLE 2 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS**

2.1.   <u>Independent Fiduciary</u>.  The Independent Fiduciary, retained by Defendants on behalf of the Plan, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

2.1.1.   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

2.1.2.   The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

2.1.3.   All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement, up to $20,000, will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

2.1.4.   Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

2.1.5.   If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within fifteen (15) calendar days of receipt of the determination.

2.1.6.   A copy of the Independent Fiduciary determination letter and report shall be provided to Class Counsel who may file it with the Court in support of Final approval of the Settlement.

2.2.   <u>Preliminary Approval</u>.  As soon as reasonably possible upon the full execution of this Settlement Agreement by the Settling Parties, the Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement, certification of the Settlement Class, and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit C.  Defendants will not object to these motions.  The Preliminary Approval Order to be presented to the Court shall, among other things:

2.2.1.   Grant the motion to certify the Settlement Class for settlement purposes only under Fed. R. Civ. P. 23(b)(1);

2.2.2.   Approve the text of the Settlement Notice for mailing or sending by electronic means to Class Members;

2.2.3.   Determine that under Fed. R. Civ. P. 23(c)(2), the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

2.2.4.   Cause the Settlement Administrator to send by electronic means and then, for Class Members who cannot be reached by electronic means, first-class mail, the Settlement Notice to each Class Member identified by the Settlement Administrator based upon the data provided by the Plan's Recordkeeper;

2.2.5.   Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal

asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan;

2.2.6.   Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the motion for entry of the Preliminary Approval Order is filed, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Case Contribution Awards, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

2.2.7.   Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel.  To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed at least fourteen (14) calendar days prior to the scheduled Fairness Hearing.  Any Person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to participate within the time limitation set forth above;

2.2.8.   Provide that any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing;

2.2.9.   Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

2.2.10. Approve the form of the CAFA Notice attached as Exhibit E and order that upon mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

2.3.    Settlement Administrator.  Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.  The actual and reasonable expenses of any third party, including the Plan's Recordkeeper, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

2.3.1.   The Settlement Administrator must agree to be bound by any non-disclosure or security protocol required by the Settling Parties.

2.3.2.   The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

2.3.3.   At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.4.   <u>Settlement Notice</u>.  By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit A or a form subsequently agreed to by the Settling Parties and approved by the Court.  The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

2.5.   <u>CAFA Notice</u>.  No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, Defendants will, at their own expense, prepare and serve the CAFA Notice in substantially the form attached as Exhibit E hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715.

## 3.   ARTICLE 3 – FINAL SETTLEMENT APPROVAL

3.1.   No later than forty-five (45) calendar days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Order (Exhibit D) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement.  The Final Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

3.1.1.   Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

3.1.2.   A determination under Fed. R. Civ. P. 23(c)(2) that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

3.1.3.   Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

3.1.4.   That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (a)

conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

3.1.5.   That each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

3.1.6.   That the provisions of Sections 3.1.4 and 3.1.5 shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

3.1.7.   That all applicable CAFA requirements have been satisfied;

3.1.8.   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court;

3.1.9.   That, with respect to any matters that arise concerning the implementation of distributions to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan; and

3.1.10. That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

3.2.     The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry, all Settling Parties, the Settlement Class and the Plan shall be bound by the Settlement Agreement and the Final Order.

4.      **ARTICLE 4 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND**

4.1.    No later than ten (10) calendar days after the Preliminary Approval Order is issued, the Settlement Administrator shall establish the Qualified Settlement Fund with the Escrow Agent.  The Settling Parties agree that the Qualified Settlement Fund is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1.  In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4.1.  If applicable, the Settlement Administrator (as the "administrator" pursuant to Section 4.2) and the Transferor shall fully cooperate in filing the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) to treat the Qualified Settlement Fund as coming into existence as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1 as of the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to be timely made.

4.2.    The "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3) shall be the Settlement Administrator.  The Settlement Administrator shall timely and properly cause to be filed on behalf of the Qualified Settlement Fund all informational and other tax returns required to be filed in accordance with Treas. Reg. §§ 1.468B-2(k) and -2(l) with respect to the Gross Settlement Amount (including without limitation applying for a taxpayer identification number for the Qualified Settlement Fund pursuant to Internal Revenue Service Form SS-4 and in accordance with Treas. Reg. § 1.468B-2(k)(4)).  Such returns as well as any election described in Section 4.1 shall be consistent with this Article 4 and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Qualified Settlement Fund shall be deducted and paid from the Gross Settlement Amount as provided in Section 4.3.

4.3.    Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Qualified Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Qualified Settlement Fund for any period during which the Qualified Settlement Fund does not qualify as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 4 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 4).  Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Settlement Administrator out of the Gross Settlement Amount without prior order from the Court.  The Settlement Administrator shall ensure compliance with withholding and reporting requirements in accordance with Treas. Reg. § 1.468B-2(l) and shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses; neither the Released Parties, Defense Counsel, nor Class

Counsel are responsible nor shall they have any liability therefor.  The Settling Parties agree to cooperate with the Settlement Administrator, Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 4.

4.4.     Within thirty (30) calendar days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the date the Qualified Settlement Fund is established and the Settlement Administrator (or Class Counsel) has furnished to Defendants and/or Defense Counsel in writing the Qualified Settlement Fund name, IRS W-9 Form, and all necessary wiring instructions, then the Transferor shall deposit or cause its insurer(s) to deposit twenty five thousand dollars ($25,000) into the Qualified Settlement Fund as the first installment of the Gross Settlement Amount.

4.5.     Within ten (10) business days after the Settlement Effective Date, the Transferor shall deposit or cause its insurer(s) to deposit the remainder of the Gross Settlement Amount, which is four hundred forty five thousand dollars ($445,000), into the Qualified Settlement Fund.

4.6.     The Settlement Administrator shall, at the written direction of Class Counsel, cause the Escrow Agent to invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall cause the Escrow Agent to reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.7.     The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion thereof from the Qualified Settlement Fund except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel.  Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

4.8.     The Settlement Administrator shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it.  The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.9.     No later than February 15 of the year following the calendar year in which Defendants' insurer makes any transfer of the Gross Settlement Amount, or any other amount, to the Qualified Settlement Fund on behalf of the Transferor pursuant to the terms of this Article 4, the Transferor shall timely furnish a statement to the Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to its federal income tax return filed for the taxable year in which Defendants' insurer makes a transfer on its behalf to the Qualified Settlement Fund.

5. **PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND**

    5.1.   <u>Disbursements from Qualified Settlement Fund prior to Settlement Effective Date</u>. Class Counsel, subject to the approval of Defendants, which approval shall not be unreasonably withheld, shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

        5.1.1.   <u>Settlement Notice Expenses</u>. After entry of the Preliminary Approval Order, the Escrow Agent shall be directed in writing to disburse from the Qualified Settlement Fund an amount sufficient for the payment of costs of the Settlement Notice. Class Counsel will select a Settlement Administrator to assist with Class Notice and administration of the Settlement, subject to the agreement of Defendants, which agreement shall not unreasonably be withheld. The Settlement Administrator shall enter into a confidentiality agreement and information security agreement to adequately protect information provided to the Settlement Administrator relating to the Settlement. Any costs, expenses, or fees incurred in connection with the administration of this Settlement shall be paid out of the Qualified Settlement Fund. Neither Defendants nor Defense Counsel are responsible for the Settlement Administrator's work, nor may they be held liable for any act or omission by the Settlement Administrator.

        5.1.2.   For taxes and expenses of the Qualified Settlement Fund as provided in Section 4.3.

        5.1.3.   For fees and expenses of the Independent Fiduciary up to a cap of $20,000. The Escrow Agent shall be directed to disburse money from the Qualified Settlement Fund to pay the reasonable fees and expenses of the Independent Fiduciary (which shall include any attorneys' fees of the Independent Fiduciary, subject to the cap of $20,000) retained pursuant to Article 2.1. To the extent Defendants and/or their insurer(s) pay any costs, fees or expenses to the Independent Fiduciary before proceeds from the Qualified Settlement Fund are available for distribution, the Escrow Agent shall be directed to reimburse Defendants and/or their insurer(s) for such amounts.

        5.1.4.   For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement.

        5.1.5.   For costs and expenses incurred by the Recordkeeper (or Authorized Administrator) in implementing this Settlement. To the extent Defendants are responsible for paying these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

    5.2.   Following the payment of the second installment of the Gross Settlement Amount as set forth in Section 4.5, Class Counsel shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

        5.2.1.   For Attorneys' Fees and Costs, as approved by the Court, and no later than fifteen (15) business days following the Settlement Effective Date.

5.2.2.   For Class Representatives' Case Contribution Awards, as approved by the Court, and no later than fifteen (15) business days following the Settlement Effective Date.

5.2.3.   For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement that were not previously paid.

5.2.4.   For costs and expenses incurred by the Recordkeeper (or Authorized Administrator) in implementing this Settlement that were not previously paid.  To the extent that Defendants are responsible for paying these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

5.2.5.   The Net Settlement Amount will be distributed in accordance with the Plan of Allocation.  Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.3.   <u>Implementation of the Plan of Allocation</u>.  Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached hereto as Exhibit B, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount.  The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to the Class Members pursuant to the Plan of Allocation.  Upon the Settlement Effective Date, and after the amounts payable pursuant to Sections 5.1 and 5.2 have been disbursed, or, in the case of future estimated expenses set aside and withheld, Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by this Settlement Agreement and the Plan of Allocation.  The Recordkeeper or any other entity with appropriate authority under the Plan (an "Authorized Administrator") shall allocate to the Plan accounts of Class Members who are not Former Participants any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation, documentation of which Class Counsel shall direct the Settlement Administrator to provide to the Authorized Administrator pursuant to the Plan of Allocation no later than the distribution of the Net Settlement Amount.  The Settlement Administrator shall promptly notify Class Counsel as to the date(s) and amounts(s) of said allocation(s) made to Class Members who are not Former Participants.  The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to the Former Participants as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to Former Participants.  Defendants shall have no liability related to the structure or taxability of such payments.  Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.

5.4.   The Net Settlement Amount distributed pursuant to the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

5.5.    Final List of Class Members.  Prior to the disbursement of the Net Settlement Amount to the Plan, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation.  Such list shall be final, and only persons on the list or their Beneficiaries or Alternate Payees shall be eligible to receive any recovery from this Settlement.

5.6.    After the distribution of the Net Settlement Amount and allocation of the Net Settlement Amount pursuant to the Plan of Allocation, amounts allocable to Class Members who cannot be located or otherwise cannot receive their Settlement payment shall revert to the Qualified Settlement Fund.

5.7.    No sooner than thirty (30) calendar days following distribution of the Net Settlement Amount and allocation of the Net Settlement Amount pursuant to the Plan of Allocation, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs, taxes and interest-earned on the Qualified Settlement Fund, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan.

## 6.    ARTICLE 6 – ATTORNEYS' FEES AND EXPENSES

6.1.    Application for Attorneys' Fees and Expenses and Class Representatives' Case Contribution Awards.  Class Counsel intends to seek to recover their attorneys' fees not to exceed $141,000, and litigation costs and expenses advanced and carried by Class Counsel for the duration of the Class Action, not to exceed $10,000, which shall be recovered from the Gross Settlement Amount.  Class Counsel also intends to seek Class Representatives' Case Contribution Awards, in an amount not to exceed $7,500 each for Class Representatives Steve Slavens, Frank Slavens, and Kevin Levy, which shall be recovered from the Gross Settlement Amount.

6.2.    Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) calendar days before the deadline set in the Preliminary Approval Order for objections to the proposed Settlement, which may be supplemented thereafter.

## 7.    ARTICLE 7 – RELEASE AND COVENANT NOT TO SUE

7.1.    As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 2.1) and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not such Class Members have received or will receive a monetary benefit from the Settlement, whether or not such Class Members have actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

7.2.     As of the Settlement Effective Date, the Class Representatives, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Section 2.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims.  Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

7.3.     Class Counsel, the Class Representatives, Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.  The Class Representatives, Class Members and the Plan acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

7.4.     Each Class Representative, each Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives, Class Members and the Plan shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

7.5.     <u>Dismissal With Prejudice</u>.  The Class Action and all Released Claims shall be dismissed with prejudice.

8.     **ARTICLE 8 – COVENANTS**

The Settling Parties covenant and agree as follows:

8.1.     <u>Taxation</u>.  Plaintiffs acknowledge that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiffs or Class Counsel receive from the Gross Settlement Amount.  Plaintiffs further acknowledge that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund.  Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

8.2.     <u>Cooperation</u>.  Defendants shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation.

8.2.1.   Defendants or Defense Counsel shall work with the Recordkeeper to provide to the Settlement Administrator and/or Class Counsel data regarding class members (including names, dates of birth, the final four digits of social security numbers, employee identification numbers, dates of employment, last known primary address, contact information, Beneficiary and Alternate Payee information (as applicable), and end-of-quarter account balances throughout the Class Period), for purposes of effecting the administration of the Plan of Allocation.  Neither Plaintiffs, Class Counsel, Defendants, or Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this section.

8.2.2.   The Settlement Administrator shall use the information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 8.2 to compile a preliminary list of Class Members for purposes of sending the Class Notice and calculating payments pursuant to the Plan of Allocation.

8.2.3.   Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 8.2 solely for the purpose of providing notice and administering this Settlement and for no other purpose, and will take all reasonable and necessary steps as required by law to maintain the security and confidentiality of this information.

8.3.     The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Order approving the Settlement unless expressly permitted by this Settlement Agreement.  The Settling Parties shall suspend any and all efforts to prosecute and to defend the Class Action pending entry of the Final Order or, if earlier, termination of the Settlement Agreement.

9.      **ARTICLE 9 – REPRESENTATION AND WARRANTIES**

9.1.    <u>Settling Parties' Representations and Warranties</u>.  The Settling Parties, and each of them, represent and warrant as follows, and each Settling Party acknowledges that each other Settling Party is relying on these representations and warranties in entering into this Settlement Agreement:

9.1.1.   That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party to this Settlement Agreement.  Each Settling Party assumes the risk of mistake as to facts or law.  Each Settling Party further recognizes that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

9.1.2.   That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Settling Parties.  The Settling Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary.

9.2.    <u>Signatories' Representations and Warranties</u>.  Each Person executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Settling Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

10.     **ARTICLE 10 – NO ADMISSION OF LIABILITY**

10.1.   The Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission or suggestion of any wrongdoing or liability by any Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding.

10.2.   This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual.  Defendants specifically deny any such liability or wrongdoing and state that they are entering into this Settlement Agreement to eliminate the burden and expense of further litigation.

Further, the Class Representatives, while believing that the claims brought in the Class Action have merit, have concluded that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Plan, themselves and members of the Settlement Class given, among other things, the inherent risks, difficulties and delays in complex ERISA litigation such as the Class Action. Neither the fact nor the terms of this Settlement Agreement shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Order.

## 11.    ARTICLE 11 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 11 being satisfied. The Settling Parties agree that if any of these conditions is not satisfied, then this Settlement Agreement is terminated (subject to Defendants' right to waive the condition set forth in Section 11.4) and the Class Action will, for all purposes with respect to the Settling Parties, revert to its status as of the Settlement Agreement Execution Date. In such event, Defendants will not be deemed to have consented to the class certification order referenced in Section 11.1, the agreements and stipulations in this Settlement Agreement concerning class definition or class certification shall not be used as evidence or argument to support a motion for class certification, and Defendants will retain all rights with respect to challenging class certification.

11.1.    <u>Court Approval and Class Certification for Settlement Purposes</u>. The Court shall have certified the Settlement Class for settlement purposes only (and Defendants will not object to this certification for settlement purposes only), the Settlement shall have been approved by the Court, the Court shall have entered the Final Order substantially in the form attached as Exhibit D hereto, and the Settlement Effective Date shall have occurred.

11.2.    <u>Finality of Settlement</u>. The Settlement shall have become Final.

11.3.    <u>Resolution of CAFA Objections (If Any)</u>. In the event that any of the government officials who received a CAFA Notice object to and request modifications to the Settlement, Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome such objection(s) and requested modifications. In the event such objection(s) or requested modifications are not overcome, Defendants shall have the right to terminate the Settlement Agreement pursuant to Article 12.

11.4.    <u>Settlement Authorized by Independent Fiduciary</u>. At least thirty (30) days before the Fairness Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement, and given a release to all of the Released Parties in its capacity as fiduciary of the Plan for and on behalf of the Plan in accordance with PTE 2003-39. If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then the Settling Parties may mutually agree to modify the terms of this Settlement Agreement as necessary to facilitate an approval by the Independent Fiduciary and/or the Independent Fiduciary's release on behalf of the Plan. Otherwise Defendants shall have the option to waive this condition, in which case such option is to be exercised in writing within ten (10) business days after the Settling Parties' receipt of the Independent Fiduciary's written determination, unless otherwise agreed by the Settling Parties.

**12.    ARTICLE 12 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

12.1.    The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

12.1.1. Under Section 2.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) Defendants do not exercise their option to waive this condition as provided in Section 11.4;

12.1.2. The Preliminary Approval Order or the Final Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

12.1.3. The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

12.1.4. This Settlement Agreement is disapproved by the Court or fails to become effective and the Settling Parties do not mutually agree to modify the Settlement Agreement in order to obtain the Court's approval or otherwise effectuate the Settlement; or

12.1.5. The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

12.2.    If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement.  All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants' insurer within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void.

12.3.    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards.

13.     **ARTICLE 13 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS**

13.1.   Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed; and (b) comply with this Article 13 in all other respects.

13.2.   Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not at any time make (or encourage or induce others to make) any public statement regarding the Class Action or the Settlement that disparages any Released Party; provided, however, that this prohibition does not preclude Class Counsel from restating the allegations made in the Complaint for purposes of the motion for preliminary approval of the Settlement, motion for final approval of the Settlement, or the request for Attorney's Fees and Costs, Administrative Expenses, and Class Representative Compensation.  This prohibition does not prohibit any Settling Party from making any statements pursuant to a valid legal process, a request by a regulatory agency, or as required by law.

13.3.   Class Representatives, Class Counsel, and Defense Counsel agree that they will not issue any press release regarding the Settlement, advertise the Settlement, or affirmatively contact any media sources regarding the Settlement.

13.4.   Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not publicly disclose the terms of the Settlement until after the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary to administer the Settlement, or unless such disclosure is pursuant to a valid legal process, a request by a regulatory agency, or as otherwise required by law, government regulations, or order of the Court.

13.5.   In the event that a party violates Article 13.3 or 13.4 and an action is commenced against the party in violation to enforce Article 13.3 or 13.4, the party commencing the action shall be entitled to recover its attorneys' fees, costs, disbursements, and other similar costs incurred in prosecuting the action.

14.     **ARTICLE 14 – ADDITIONAL TERMS**

14.1.   Within two years of the Settlement Effective Date, the Plan's fiduciaries will initiate a request for proposals ("RFP") for recordkeeping and administrative services for the Plan.  The RFP shall be made to at least three qualified service providers.  After the RFP, the Plan's fiduciaries may decide to retain their then existing service providers for recordkeeping and administrative services or select different service providers for such services.

15.     **ARTICLE 15 – GENERAL PROVISIONS**

15.1.    The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.  The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

15.2.    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding.

15.3.    Defendants and Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action.  This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.  Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

15.4.    Defendants deny all allegations of wrongdoing.  Defendants believe that the Plan has been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plan's participants, and in accordance with ERISA, including the fiduciary duty provisions of ERISA.

15.5.    Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

15.6.    The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

15.7.    The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws.  Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement.  To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.  Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

15.8.    Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.  Each such Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

15.9.    Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members.  Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them.  Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request.  Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

15.10.  This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, Michigan law.

15.11.  The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement.  Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Eastern District of Michigan, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

15.12.  Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

15.13.   Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.  Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing.  Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

15.14.   The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

15.15.   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

15.16.   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein.  The exhibits shall be: Exhibit A – Notice of Class Action Settlement and Fairness Hearing; Exhibit B – Plan of Allocation; Exhibit C – Preliminary Approval Order; Exhibit D – Final Approval Order; Exhibit E – Form of CAFA Notice.

15.17.   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

15.18.   <u>Survival</u>.  All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement.  No Party is relying on any oral representations or oral agreements.  All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date

15.19.   <u>Notices</u>.  Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

IF TO CLASS REPRESENTATIVES:

Eric Lechtzin
EDELSON LECHTZIN LLP
3 Terry Drive

Suite 205
Newtown, PA 18940
Tel: 215-867-2399
elechtzin@edelson-law.com


IF TO DEFENDANTS:

Christopher J. Boran
Samuel D. Block
MORGAN, LEWIS & BOCKIUS LLP
110 N Wacker Drive
Chicago, Illinois 60606
Tel:  312.324.1000
Fax: 312.324.1001
christopher.boran@morganlewis.com
samuel.block@morganlewis.com


Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

15.20.  <u>Entire Agreement</u>.  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.  It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties.

15.21.  <u>Counterparts</u>.  The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.  The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

15.22.  <u>Binding Effect</u>.  This Settlement Agreement binds and inures to the benefit of the Settling Parties hereto, their assigns, heirs, administrators, executors, and successors.

15.23.  <u>Destruction/Return of Confidential Information</u>.  Within thirty (30) days after the Final Order, Class Representatives and Class Counsel shall destroy or return to the producing party any material the producing party deems confidential, including the preliminary and final lists of Class Members.

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement on the dates set forth below.

Date: 11/23/2021

On Behalf of Plaintiffs, Individually and as
Representatives of the Settlement Class:

_Eric Lechtzin_

Eric Lechtzin
Marc H. Edelson
**EDELSON LECHTZIN LLP**
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com
medelson@edelson-law.com

David H. Fink (P28235)
Nathan J. Fink (P75185)
**FINK BRESSACK**
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

*Attorneys for Plaintiffs*

Date:   November  23, 2021

On Behalf of Defendants Meritor, Inc., Board
of Directors of Meritor, Inc., Meritor, Inc.
Employee Benefits Plan Committee, Mike
Lei, and Timothy Heffron:

_Eric A Mahler_

Name:  Eric A Mahler

Title:   Assistant General Counsel

Attorneys for Defendants:
Christopher J. Boran (IL Bar No. 6282610)
Samuel D. Block (IL Bar No. 6323648)
**MORGAN, LEWIS & BOCKIUS LLP**
110 N Wacker Drive
Chicago, Illinois 60606
Telephone: 312-324-1000
christopher.boran@morganlewis.com
samuel.block@morganlewis.com

Brian T. Ortelere (PA Bar No. 46464)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5258
brian.ortelere@morganlewis.com

*Attorneys for Defendants*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **STEVE SLAVENS**, *et al.*, <br><br>       **Plaintiffs**, <br><br> **v.** <br><br> **MERITOR INC.**, *et al.*, <br><br>       **Defendants.** | **Case No. 2:20-cv-13047** |

**NOTICE OF CLASS ACTION SETTLEMENT**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS**

You are receiving this Notice of Class Action Settlement ("Notice") because the records of the Meritor, Inc. 401(k) Savings Plan (the "Plan") indicate that you were a participant in the Plan who maintained a balance of any amount at any quarter-end during the period from November 13, 2014 through September 30, 2021, (the "Class Period"). As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement Agreement if you disagree with its terms, and what deadlines apply.**

This Notice contains summary information with respect to the Settlement. The complete terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Notice, but not defined in this Notice, have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, www.Meritorerisasettlement.com.

The Court in charge of this case is the United States District Court for the Eastern District of Michigan. The persons who sued on behalf of themselves and the Plan are called the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Steve Slavens, Frank Slavens and Kevin Levy. The Defendants are Meritor Inc., ("Meritor") the Board of Directors of Meritor Inc., the Meritor Inc. Employee Benefits Committee, Mike Lei and Timothy Heffron. The Action is known as *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.).

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IF YOU ARE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT AGREEMENT.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to file a claim in order to receive a Settlement payment if you are entitled to receive a payment under the Settlement Agreement. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you are participating or have an account balance in the Plan on the Settlement Effective Date and are a Settlement Class member, any share of the Net Settlement Amount to which you are entitled will be deposited into your Plan account. If you are a Former Participant (*i.e.*, no longer a participant in the Plan) and are a Settlement Class member, such funds shall be paid directly to you by the Settlement Administrator. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY _____.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and the attorneys for the Parties about why you object to the Settlement. |
| **YOU MAY PARTICIPATE IN THE FAIRNESS HEARING TO BE HELD ON _____.** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing about the Settlement and present your objections to the Court. You may attend in the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing *and* you file a Notice of Intention to Appear, as described in the answer to Question 16 in this Notice. |

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting the following Class Counsel:

Eric Lechtzin
Edelson Lechtzin LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Tel: (215) 867-2399

Class Counsel has established a toll-free phone number to receive your comments and questions: 855-461-1151. You may also send an email to elechtzin@edelson-law.com. You should contact Class Counsel with any questions regarding this Settlement, not the Court, Meritor, or counsel for the Defendants.

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| SUMMARY OF SETTLEMENT | 2 |
| BASIC INFORMATION | 3 |
| 1. WHY DID I GET THIS NOTICE PACKAGE? | 3 |
| 2. WHAT IS THE ACTION ABOUT? | 3 |
| 3. WHY IS THIS CASE A CLASS ACTION? | 4 |
| 4. WHY IS THERE A SETTLEMENT? | 4 |
| 5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? | 4 |
| THE SETTLEMENT BENEFITS—WHAT YOU GET | 5 |
| 6. WHAT DOES THE SETTLEMENT PROVIDE? | 5 |
| 7. HOW MUCH WILL MY PAYMENT BE? | 5 |
| 8. HOW MAY I RECEIVE A PAYMENT? | 5 |
| 9. WHEN WOULD I GET MY PAYMENT? | 6 |
| 10. CAN I GET OUT OF THE SETTLEMENT? | 6 |
| THE LAWYERS REPRESENTING YOU | 6 |
| 11. DO I HAVE A LAWYER IN THE CASE? | 6 |
| 12. HOW WILL THE LAWYERS BE PAID? | 6 |
| 13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? | 6 |
| THE FAIRNESS HEARING | 7 |
| 14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? | 7 |
| 15. DO I HAVE TO COME TO THE HEARING? | 7 |
| 16. MAY I SPEAK AT THE HEARING? | 7 |
| IF YOU DO NOTHING | 8 |
| 17. WHAT HAPPENS IF I DO NOTHING AT ALL? | 8 |
| GETTING MORE INFORMATION | 8 |
| 18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? | 8 |

**SUMMARY OF SETTLEMENT**

This litigation (the "Action") is a class action in which Named Plaintiffs allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA") by, among other things, failing sufficiently to reduce the Plan's expenses and selecting for the Plan investment options that purportedly charged excessive fees or underperformed compared to "similar" investment options available to the Plan. A copy of the operative Complaint as well as other documents filed in the Action are available at www.Meritorerisasettlement.com or from Class Counsel. Defendants have denied and continue to deny all of the claims and allegations in the Action and deny any liability or wrongful conduct of any kind.

A Settlement Fund consisting of $470,000.00 (four hundred seventy thousand U.S. dollars) in cash (the "Gross Settlement Amount") is being established in the Action. The Gross Settlement Amount will be deposited into an escrow account, and the Gross Settlement Amount, together with any interest earned, will constitute the Qualified Settlement Fund. Payment of any taxes, approved attorneys' fees and litigation expenses and payment of Case Contribution Awards to the Named Plaintiffs, and costs of administering the Settlement will be paid out of the Settlement Fund. After the payment of such fees, expenses, and awards, the amount that remains will constitute the Net Settlement Amount. The Net Settlement Amount will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 2 OF 8

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Defendants dispute the claims asserted in the Action and deny that they engaged in any wrongdoing, violation of law or breach of duty. Further, Named Plaintiffs would face an uncertain outcome if the Action were to continue. Prior to settling, Defendants were preparing to file a motion to dismiss the case. An unfavorable ruling for Named Plaintiffs on the motion to dismiss would have severely diminished the value of this Action. Additionally, the Parties had yet to engage in expert discovery regarding the merits of the Action. Absent settlement, Defendants would present evidence that they reasonably and prudently managed the Plan's investment options and fees and fulfilled all of their fiduciary obligations. As a result, continued litigation could result in a judgment in favor of the Defendants and against the Named Plaintiffs and Class. Even if the Named Plaintiffs and Class prevailed, they might recover a judgment greater or less than the benefits obtained as part of the Settlement, or no recovery at all.

The Named Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial. The Defendants deny all claims and contentions by the Named Plaintiffs. The Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plan has suffered any damages for which the Defendants could be held legally responsible. Having considered the uncertainty, costs and risks inherent in any litigation, particularly in a complex case such as this, the Named Plaintiffs, Class Counsel, and the Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of thirty percent (30%) of the Settlement Amount (a maximum amount of $141,000), plus reimbursement of litigation expenses. Any amount awarded will be paid from the Settlement Fund. Defendants have no responsibility for payment of such fees and expenses.

## WHAT WILL THE NAMED PLAINTIFFS GET?

The Named Plaintiffs will share in the allocation of the Net Settlement Amount on the same basis as all other members of the Settlement Class. In addition, the Named Plaintiffs will ask the Court to award up to $7,500 to each of the Named Plaintiffs as Case Contribution Awards for their participation in the Action and representation of the Settlement Class. Any such awards will be paid solely from the Settlement Fund.

## BASIC INFORMATION

### 1. WHY DID I GET THIS NOTICE PACKAGE?

You or someone in your family may have been a participant in or a beneficiary of the Plan during **the period from November 13, 2014 to September 30, 2021**, during which time your Plan account included investments in any of the Plan's investment options.

The Court directed that this Notice be sent to you because you fall within the definition of the Settlement Class, and you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be distributed to the Settlement Class members according to a Court-approved Plan of Allocation described below. This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. WHAT IS THE ACTION ABOUT?

The Action claims that under ERISA, Defendants owed fiduciary duties of loyalty, care, and prudence to the Plan and that they violated those duties in connection with the selection and monitoring of the Plan's investment options and recordkeeping fees. During the Class Period, participants in the Plan were able to allocate their account balances among various investment funds. The Named Plaintiffs allege that because the Plan had over $616 million dollars in assets, it had substantial bargaining power regarding the fees and expenses that were charged against participants' investments. The Named Plaintiffs further allege that Defendants did not try to reduce the Plan's expenses and selected for the Plan individual investment options that purportedly charged excessive fees or underperformed compared to "similar" investment options available to the Plan. Additionally, the Named Plaintiffs allege Defendants failed to prudently monitor the recordkeeping fees charged to Plan participants. Recordkeeping in simple terms refers to the suite of administrative services provided to retirement plan participants such as enrollment, implementing participants' investment selections, maintaining the plan website and call center, and providing individual account statements to participants.

QUESTIONS?  VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 3 OF 8

**THE DEFENSES IN THE ACTION**

The Defendants deny all of the claims and allegations made in the Action and deny that they ever engaged in any wrongful conduct. If the Action were to continue, the Defendants would raise numerous defenses to liability, including but not limited to:

Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;

Defendants reasonably and prudently managed the Plan's investment options and fees, including recordkeeping fees, and fulfilled all of their fiduciary obligations;

The Plan's investment options were and are objectively reasonable, prudent, and sound investment options for Plan participants;

The Plan's recordkeeping fees were and are objectively reasonable; and

Even if a court were to determine that the Defendants failed to discharge any duty under ERISA, any such breach of fiduciary duty did not cause the Plan or its participants to suffer any loss.

**THE LITIGATION**

Class Counsel has extensively investigated the allegations in the Action. Among other efforts, Class Counsel reviewed Plan-governing documents and materials, communications with Plan participants, U.S. Department of Labor filings, fee disclosure documents, reports from consultants to the Plan (including benchmarking analyses), committee meeting minutes, and other documents regarding the general and specific matters that were alleged in the original complaint filed on November 13, 2020, and the amended complaints filed on April 16, 2021 and June 16, 2021. In the Second Amended Complaint (referred to hereafter as the "Complaint"), the Named Plaintiffs allege that the Defendants breached the fiduciary duties of prudence and loyalty under ERISA by selecting for the Plan individual investment options that purportedly charged excessive fees and underperformed compared to "similar" investment options available to the Plan. Plaintiffs also allege that the Defendants allowed the Plan to pay excessive recordkeeping fees and administrative expenses.

**SETTLEMENT DISCUSSIONS**

Over the course of several months, the Parties engaged in extensive settlement negotiations. Class Counsel retained an expert to value the amount of damages suffered by the Class. The Parties subsequently negotiated the specific terms of the Settlement Agreement and related documents. On October 28, 2021, the Named Plaintiffs filed a motion seeking preliminary approval of the Settlement as well as seeking related relief.

---

**3. WHY IS THIS CASE A CLASS ACTION?**

---

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the conduct alleged in this Action is claimed to have affected a large group of people – participants in the Plan during the Class Period – in a similar way, the Named Plaintiffs filed this case as a class action.

---

**4. WHY IS THERE A SETTLEMENT?**

---

As in any litigation, all parties face an uncertain outcome. On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in no recovery at all or in a recovery that is less than the amount of the Settlement. Based on these factors, the Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class members.

---

**5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?**

---

You are a member of the Settlement Class if you fall within the definition of the Settlement Class preliminarily approved by Judge Stephen J. Murphy III:

All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between November 13, 2014 and September 30, 2021.

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

QUESTIONS?  VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 4 OF 8

**THE SETTLEMENT BENEFITS—WHAT YOU GET**

| 6. WHAT DOES THE SETTLEMENT PROVIDE? |
|---|

Provided that the Settlement becomes Final, a Settlement Fund consisting of $470,000 will be established in the Action. The amount of money that will be allocated among members of the Settlement Class, after the payment of any taxes and Court-approved costs, fees, and expenses, including attorneys' fees and expenses of Class Counsel, any Court-approved Case Contribution Awards to be paid to the Named Plaintiffs, and payment of expenses incurred in calculating the Settlement payments and administering the Settlement, is called the Net Settlement Amount. The Net Settlement Amount will not be known until these other amounts are quantified and deducted. The Net Settlement Amount will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. The Plan of Allocation describes how Settlement payments will be distributed to Settlement Class members who receive a payment.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the Released Parties from Released Claims. The Released Parties are (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors In Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them. Released Claims are defined in the Settlement Agreement and include all claims that were or could have been asserted in the Action, whether known or unknown. This means, for example, that Settlement Class members will not have the right to sue the Released Parties for failure to prudently select and monitor the Plan's investment options or fees, or related matters that occurred during the Class Period.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Released Parties and Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.Meritorerisasettlement.com or by contacting Class Counsel listed on Page 2 above.

| 7. HOW MUCH WILL MY PAYMENT BE? |
|---|

Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation by a third-party vendor ("Settlement Administrator") selected by Class Counsel. You are not required to calculate the amount you may be entitled to receive under the Settlement as the Settlement Administrator will do so under the Plan of Allocation. In general, your proportionate share of the Settlement will be calculated based upon your average account balance during the November 12, 2014 through September 30, 2021 class period, relative to the average account balance of other Class Members, with a greater portion of the Net Settlement Fund being allocated to account balances between November 12, 2014 through December 31, 2018, before the Plan implemented certain recordkeeping and administrative fee reductions for subsequent periods.

**You will not be required to produce records that show your Plan activity**. If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the Plan's records for your account. If you have questions regarding the allocation of the Net Settlement Amount, please contact Class Counsel listed on Page 2 above.

| 8. HOW MAY I RECEIVE A PAYMENT? |
|---|

You do not need to file a claim. Former Participants (*i.e.*, Class Members who do not have an Active Account in the Plan when payments under the Settlement are distributed, as defined in the Settlement Agreement) will be paid directly by the Settlement Administrator by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above. Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 5 OF 8

## 9. WHEN WOULD I GET MY PAYMENT?

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, approval of the Settlement by an independent fiduciary to the Plan, transfer of the Net Settlement Amount to the Plan, and calculation of the amount of the Settlement owed to each Settlement Class member. If appeals are taken by objectors who oppose the approval of the Settlement, this process may take a long time to complete, possibly several years.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve, or materially modifies the Settlement Agreement, or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed again as if the Settlement Agreement had not been entered into. The Settlement is not conditioned upon the Court's approval of attorneys' fees or the reimbursement of expenses/costs sought by Class Counsel, the Case Contribution Awards sought by the Named Plaintiffs, or any appeals solely related thereto.

## 10. CAN I GET OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement**. The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class members to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. For more information on how to object to the Settlement, *see* the answer to Question 13 below.

### THE LAWYERS REPRESENTING YOU

## 11. DO I HAVE A LAWYER IN THE CASE?

The Court has preliminarily appointed the law firm of Edelson Lechtzin LLP and Fink Bressack PLLC as Class Counsel for the Named Plaintiffs in the Action. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will file a motion with the Court asking for the award of attorneys' fees of not more than 30% of the Settlement Amount, plus reimbursement of litigation expenses incurred in connection with the prosecution of the Action not to exceed $20,000. This motion will be considered by the Court at the Fairness Hearing described below.

**OBJECTING TO THE ATTORNEYS' FEES**

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

## 13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement in *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.). Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 6 OF 8

**You must file your objection with the Clerk of the Court of the United States District Court for the Eastern District of Michigan no later than** _____. The address is:

Clerk of the Court
United States District Court, Eastern District of Michigan
Theodore Levin United States Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

The objection must refer prominently to this case name: *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.).

A copy of your objection must also be provided to Class Counsel and Defense Counsel, respectively, at the following addresses:

| <u>Class Counsel</u> | <u>Defense Counsel</u> |
|:---:|:---:|
| Eric Lechtzin | Christopher Boran |
| Edelson Lechtzin LLP | Morgan, Lewis & Bockius, LLP |
| 3 Terry Drive, Suite 205 | 110 North Wacker Drive |
| Newtown, PA 18940 | Chicago, IL 60606 |

**THE FAIRNESS HEARING**

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may participate in the Fairness Hearing, **which may be held telephonically or by video conference,** and you may ask to speak, but you do not have to participate in the Fairness Hearing to have your objection considered. **It is your obligation to ensure that your written objection is filed with the Court by no later than** _____.

### 14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Fairness Hearing at _____.m. on _____ , at the United States District Court for the Eastern District of Michigan, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 before the Hon. Stephen J. Murphy, or such other courtroom as the Court may designate. **The Court may adjourn the Fairness Hearing without further notice to the Settlement Class and also may schedule the hearing to be done by telephone or video conference. If you wish to participate you should confirm the date and time of the Fairness Hearing with Class Counsel before doing so.** At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs. The Parties do not know how long these decisions will take or whether appeals will be filed.

### 15. DO I HAVE TO PARTICIPATE IN THE HEARING?

No, but you are welcome to do so. If you file an objection, you do not have to participate in the Fairness Hearing to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement. You also may pay your own lawyer to participate in the Fairness Hearing, but such participation is also not necessary.

### 16. MAY I SPEAK AT THE HEARING?

If you submit a written objection to the Settlement to the Court, Class Counsel, and Defense Counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing and present your objections to the Court. You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing AND you file a Notice of Intention to Participate, as described in this paragraph. To do so, you must file with the Court a letter or other paper called a "Notice of Intention to Participate in Fairness Hearing in *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Participate must be received by the attorneys listed in the answer to Question 13 above, no later than _____, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

QUESTIONS?  VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

**IF YOU DO NOTHING**

| 17. WHAT HAPPENS IF I DO NOTHING AT ALL? |
|---|

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice.

**GETTING MORE INFORMATION**

| 18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? |
|---|

Yes. This Notice summarizes the proposed Settlement. The complete terms are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 2 above. Copies may also be obtained at a dedicated Settlement website, www.Meritorerisasettlement.com, by calling the toll-free number, 855-461-1151, or by sending an email to elechtzin@edelson-law.com. You are encouraged to read the complete Settlement Agreement.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE COMPANY, OR DEFENDANTS REGARDING THIS NOTICE. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 8 OF 8

# EXHIBIT B

## PLAN OF ALLOCATION

For each Class Member who had an Active Account at any time during the period November 13, 2014 through September 30, 2021, the Net Settlement Amount will generally be distributed on a pro-rata basis, based on the average account balance for each Class Members' claim divided by the total average account balances for all Class Members' claims, multiplied by the Net Settlement Amount, as follows:

> **Step 1 – Allocate the Net Settlement Amount Between Period 1 and Period 2**.  Ninety percent (90%) of the Net Settlement Amount will be allocated to Class Members with Active Accounts in the Plan at any time between November 13, 2014 and December 31, 2018 ("Period 1"), while the remaining ten percent (10%) of the Net Settlement Amount will be allocated to Class Members with Active Accounts in the Plan at any time between January 1, 2019 and September 30, 2021 ("Period 2").

> **Step 2 – Calculate Settlement Payments for Period 1 Class Members**.  The Period 1 settlement payment for each Class Member with an Active Account during Period 1 ("Period 1 Class Members") will be calculated by dividing each Period 1 Class Member's average quarter-ending account balance during Period 1 by the total of all such average quarter-end balances for all Period 1 Class Members to arrive at each Period 1 Class Member's pro-rata settlement percentage.  The pro-rata settlement percentage for each Period 1 Class Member will then be multiplied by an amount equal to ninety percent (90%) of the Net Settlement Amount to arrive at the Period 1 settlement payment for each Period 1 Class Member.

> **Step 3 – Calculate Settlement Payments for Period 2 Class Members**.  The Period 2 settlement payment for each Class Member with an Active Account during Period 2 ("Period 2 Class Members") will be calculated by dividing each Period 2 Class Member's average quarter-ending account balance during Period 2 by the total of all such average quarter-end balances for all Period 2 Class Members to arrive at each Period 2 Class Member's pro-rata settlement percentage.  The pro-rata settlement percentage for each Period 2 Class Member will then be multiplied by an amount equal to ten percent (10%) of the Net Settlement Amount to arrive at the Period 2 settlement payment for each Period 2 Class Member.

Class Members who are both Period 1 and Period 2 Class Members will receive a settlement payment equal to the total of their Period 1 and Period 2 settlement payments.

Distributions will be made to eligible Class Members after all claims have been processed and after the Court has finally approved the Settlement.  In no event will total payments made under this Plan of Allocation exceed the Net Settlement Amount.  The Settlement Administrator shall have authority, in consultation with Class Counsel and Defense Counsel, to adjust the Plan of Allocation as may be needed to ensure payments made under the Plan of Allocation do not exceed the Net Settlement Amount.

Calculation of Settlement Recovery as Percentage of Estimated Damages

| | |
|---|---|
| Estimated Class Damages | $2,271,869 |
| Settlement Fund, Gross | $470,000 |
| % Recovery, Gross | 20.7% |
| | |
| Estimated Fees and Expenses | |
| Independent Fiduciary | $15,000 |
| Attorneys' Fees | $141,000 |
| Attorneys Expenses | $10,000 |
| Case Contribution Awards | $22,500 |
| Total Estimated Fees and Expenses | $188, 500 |
| | |
| Settlement Fund, Net | $281,500 |
| % Recovery, Net | 12.4% |

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEVE SLAVENS, FRANK SLAVENS, and KEVIN LEVY, individually and as representatives of a class of participants and beneficiaries on behalf of the Meritor 401(k) Plan, | Civil Action No. 2:20-cv-13047<br><br>Hon. Stephen J. Murphy, III<br><br>Mag. Anthony P. Patti |
| Plaintiffs, | |
| v. | |
| MERITOR, INC., the BOARD OF DIRECTORS OF MERITOR, INC., the MERITOR INC. EMPLOYEE BENEFITS COMMITTEE, MIKE LEI, TIMOTHY HEFFRON, and JOHN DOES 1-21, | |
| Defendants. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SCHEDULING A DATE FOR A <u>FAIRNESS HEARING</u>

This Action involves claims for alleged violations of the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with

respect to the Meritor, Inc. 401(k) Savings Plan ("Plan").[1] The terms of the

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

Settlement are set out in the Settlement Agreement, fully executed as of November 23, 2021, by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing filed on ＿＿＿＿＿＿, 2021, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement and the matter having come before the Court at the ＿＿＿＿＿, 2021 hearing, due notice having been given and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between November 13, 2014 and September 30, 2021.

2.    Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a)    as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)    as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c)    as required Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify.

(d)    as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Class Members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class.

(e)    as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual

3

Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3.     The Court preliminarily appoints the Named Plaintiffs Stephen Slavens, Frank Slavens, and Kevin Levy as Class Representatives for the Settlement Class, and Edelson Lechtzin LLP and Fink Bressack PLLC, as Class Counsel for the Settlement Class.

4.     **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

4

(a)     The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b)     Named Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

(c)     If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class, faced the expense, risk, and uncertainty of protracted litigation;

(d)     The amount of the Settlement – four hundred seventy thousand dollars ($470,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records and requiring no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv);

5

(e)     At all times, the Named Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

(f)     The proposed Plan of Allocation is fair, reasonable, and adequate.

5.     **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with terms of the Settlement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (i) their obligation to cause the Gross Settlement Amount to be paid; and (ii) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the

Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the

7

availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

8

6.     **Fairness Hearing** – A hearing is scheduled for ▮▮▮▮▮▮▮▮▮

[at least 120 days after preliminary approval] to make a final determination, concerning among other things:

- Any objections from Class Members to the Settlement or any aspects of it.

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Expenses and Case Contribution Awards to the Named Plaintiffs are fair and reasonable, and should be approved.

7.     **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement and attached hereto as Exhibit 1. The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of

9

Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for the Named Plaintiffs for their service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8.   **Settlement Administrator** – The Court hereby approves the appointment of Angeion Group as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

- By no later than Angeion Group (Thirty days after entry of this Order), cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by email to the last known email address of each member of the Settlement Class who can be identified through reasonable effort. If a member of the Settlement Class cannot be reached by electronic means, then the Settlement Administrator shall cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of such members of the Settlement Class who can be identified through reasonable effort. The Settlement Administrator

10

shall use commercially reasonable efforts to locate any Class Member whose physically mailed Settlement Notice is returned and re-send such documents one additional time.

- By no later than Angeion Group(Thirty days after entry of this Order), cause the Settlement Notice to be published on the website identified in the Settlement Notice, Angeion Group, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

9.      **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than ＿＿＿＿＿＿＿＿＿ (Forty-four days before the date of the Fairness Hearing specified in this Order).

10.     **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later

11

than _____ (Forty-four days before the date of the Fairness Hearing specified in this Order).

11.    **Objections to Settlement** – Any member of the Settlement Class may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

> Clerk of Court
> United States District Court, Eastern District of Michigan
> Theodore Levin United States Courthouse
> 231 W. Lafayette Blvd.
> Detroit, MI 48226

> Re: *Slavens et al. v. Meritor, Inc., et al.*, No. 2:20-cv-13047 (E.D. MI.)

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____ (Fourteen days before the date of

the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than ▯▯▯▯▯▯▯▯▯▯ (Fourteen days before the date of the Fairness Hearing specified in this Order). Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than ▯▯▯▯▯▯▯▯▯▯ (Seven days before the date of the Fairness Hearing specified in this Order). There shall be no reply briefs.

12.     Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than _____ (Seven days before the date of the Fairness Hearing specified in this Order).

13.     **Participation in Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also participate in the Fairness Hearing either in person (or remotely, if the Fairness Hearing is held remotely) or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to participate in at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone

13

number of the objector's attorney) with the Court by no later than

_____ (Fourteen days before the date of Fairness Hearing specified

in this Order). Any objectors, or their counsel, who does not timely file a notice of

intention to participate in accordance with this paragraph shall not be permitted to

speak at the Fairness Hearing, except for good cause shown.

14. **Notice Expenses** – The expenses of printing, mailing, and publishing

the Settlement Notice required herein shall be paid exclusively from the Qualified

Settlement Fund.

15. **Parallel Proceedings** – Pending final determination of whether the

Settlement Agreement should be approved, the Named Plaintiffs, every Class

Member, and the Plan are prohibited and enjoined from directly, through

representatives, or in any other capacity, commencing any action or proceeding in

any court or tribunal asserting any of the Released Claims against the Released

Parties, including Defendants.

16. **Class Action Fairness Act Notice** – The form of notice under the Class

Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement

Agreement complies with the requirements of CAFA and will, upon mailing,

discharge Defendants' obligations pursuant to CAFA.

17. **Continuance of Final Approval Hearing** – The Court reserves the

right to continue the Fairness Hearing without further written notice to the Class

Members and also may schedule the hearing to be held by telephone or video conference.

18. **No Admission of Fault -** This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or Class Member that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she or it may have.

**SO ORDERED** this _____ day of _____, 2021.

_____
Hon. Stephen J. Murphy III
United States District Court Judge

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| **STEVE SLAVENS,** *et al.*, | **Case No. 2:20-cv-13047** |
| **Plaintiffs,** | |
| **v.** | |
| **MERITOR INC.,** *et al.*, | |
| **Defendants.** | |

<u>**NOTICE OF CLASS ACTION SETTLEMENT**</u>

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS**

You are receiving this Notice of Class Action Settlement ("Notice") because the records of the Meritor, Inc. 401(k) Savings Plan (the "Plan") indicate that you were a participant in the Plan who maintained a balance of any amount at any quarter-end during the period from November 13, 2014 through September 30, 2021, (the "Class Period"). As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement Agreement if you disagree with its terms, and what deadlines apply.**

This Notice contains summary information with respect to the Settlement. The complete terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Notice, but not defined in this Notice, have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, www.Meritorerisasettlement.com.

The Court in charge of this case is the United States District Court for the Eastern District of Michigan. The persons who sued on behalf of themselves and the Plan are called the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Steve Slavens, Frank Slavens and Kevin Levy. The Defendants are Meritor Inc., ("Meritor") the Board of Directors of Meritor Inc., the Meritor Inc. Employee Benefits Committee, Mike Lei and Timothy Heffron. The Action is known as *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.).

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IF YOU ARE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT AGREEMENT.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to file a claim in order to receive a Settlement payment if you are entitled to receive a payment under the Settlement Agreement. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you are participating or have an account balance in the Plan on the Settlement Effective Date and are a Settlement Class member, any share of the Net Settlement Amount to which you are entitled will be deposited into your Plan account. If you are a Former Participant (*i.e.*, no longer a participant in the Plan) and are a Settlement Class member, such funds shall be paid directly to you by the Settlement Administrator. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY _____.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and the attorneys for the Parties about why you object to the Settlement. |
| **YOU MAY PARTICIPATE IN THE FAIRNESS HEARING TO BE HELD ON _____.** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing about the Settlement and present your objections to the Court. You may attend in the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing <u>and</u> you file a Notice of Intention to Appear, as described in the answer to Question 16 in this Notice. |

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting the following Class Counsel:

Eric Lechtzin
Edelson Lechtzin LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Tel: (215) 867-2399

Class Counsel has established a toll-free phone number to receive your comments and questions: 855-461-1151. You may also send an email to elechtzin@edelson-law.com. You should contact Class Counsel with any questions regarding this Settlement, not the Court, Meritor, or counsel for the Defendants.

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| SUMMARY OF SETTLEMENT | 2 |
| BASIC INFORMATION | 3 |
| 1. WHY DID I GET THIS NOTICE PACKAGE? | 3 |
| 2. WHAT IS THE ACTION ABOUT? | 3 |
| 3. WHY IS THIS CASE A CLASS ACTION? | 4 |
| 4. WHY IS THERE A SETTLEMENT? | 4 |
| 5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? | 4 |
| THE SETTLEMENT BENEFITS—WHAT YOU GET | 5 |
| 6. WHAT DOES THE SETTLEMENT PROVIDE? | 5 |
| 7. HOW MUCH WILL MY PAYMENT BE? | 5 |
| 8. HOW MAY I RECEIVE A PAYMENT? | 5 |
| 9. WHEN WOULD I GET MY PAYMENT? | 6 |
| 10. CAN I GET OUT OF THE SETTLEMENT? | 6 |
| THE LAWYERS REPRESENTING YOU | 6 |
| 11. DO I HAVE A LAWYER IN THE CASE? | 6 |
| 12. HOW WILL THE LAWYERS BE PAID? | 6 |
| 13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? | 6 |
| THE FAIRNESS HEARING | 7 |
| 14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? | 7 |
| 15. DO I HAVE TO COME TO THE HEARING? | 7 |
| 16. MAY I SPEAK AT THE HEARING? | 7 |
| IF YOU DO NOTHING | 8 |
| 17. WHAT HAPPENS IF I DO NOTHING AT ALL? | 8 |
| GETTING MORE INFORMATION | 8 |
| 18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? | 8 |

**SUMMARY OF SETTLEMENT**

This litigation (the "Action") is a class action in which Named Plaintiffs allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA") by, among other things, failing sufficiently to reduce the Plan's expenses and selecting for the Plan investment options that purportedly charged excessive fees or underperformed compared to "similar" investment options available to the Plan. A copy of the operative Complaint as well as other documents filed in the Action are available at www.Meritorerisasettlement.com or from Class Counsel. Defendants have denied and continue to deny all of the claims and allegations in the Action and deny any liability or wrongful conduct of any kind.

A Settlement Fund consisting of $470,000.00 (four hundred seventy thousand U.S. dollars) in cash (the "Gross Settlement Amount") is being established in the Action. The Gross Settlement Amount will be deposited into an escrow account, and the Gross Settlement Amount, together with any interest earned, will constitute the Qualified Settlement Fund. Payment of any taxes, approved attorneys' fees and litigation expenses and payment of Case Contribution Awards to the Named Plaintiffs, and costs of administering the Settlement will be paid out of the Settlement Fund. After the payment of such fees, expenses, and awards, the amount that remains will constitute the Net Settlement Amount. The Net Settlement Amount will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

**STATEMENT OF POTENTIAL OUTCOME OF THE ACTION**

Defendants dispute the claims asserted in the Action and deny that they engaged in any wrongdoing, violation of law or breach of duty. Further, Named Plaintiffs would face an uncertain outcome if the Action were to continue. Prior to settling, Defendants were preparing to file a motion to dismiss the case. An unfavorable ruling for Named Plaintiffs on the motion to dismiss would have severely diminished the value of this Action. Additionally, the Parties had yet to engage in expert discovery regarding the merits of the Action. Absent settlement, Defendants would present evidence that they reasonably and prudently managed the Plan's investment options and fees and fulfilled all of their fiduciary obligations. As a result, continued litigation could result in a judgment in favor of the Defendants and against the Named Plaintiffs and Class. Even if the Named Plaintiffs and Class prevailed, they might recover a judgment greater or less than the benefits obtained as part of the Settlement, or no recovery at all.

The Named Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial. The Defendants deny all claims and contentions by the Named Plaintiffs. The Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plan has suffered any damages for which the Defendants could be held legally responsible. Having considered the uncertainty, costs and risks inherent in any litigation, particularly in a complex case such as this, the Named Plaintiffs, Class Counsel, and the Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

**STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION**

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of thirty percent (30%) of the Settlement Amount (a maximum amount of $141,000), plus reimbursement of litigation expenses. Any amount awarded will be paid from the Settlement Fund. Defendants have no responsibility for payment of such fees and expenses.

**WHAT WILL THE NAMED PLAINTIFFS GET?**

The Named Plaintiffs will share in the allocation of the Net Settlement Amount on the same basis as all other members of the Settlement Class. In addition, the Named Plaintiffs will ask the Court to award up to $7,500 to each of the Named Plaintiffs as Case Contribution Awards for their participation in the Action and representation of the Settlement Class. Any such awards will be paid solely from the Settlement Fund.

**BASIC INFORMATION**

| 1. WHY DID I GET THIS NOTICE PACKAGE? |
|---|

You or someone in your family may have been a participant in or a beneficiary of the Plan during **the period from November 13, 2014 to September 30, 2021**, during which time your Plan account included investments in any of the Plan's investment options.

The Court directed that this Notice be sent to you because you fall within the definition of the Settlement Class, and you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be distributed to the Settlement Class members according to a Court-approved Plan of Allocation described below. This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. WHAT IS THE ACTION ABOUT? |
|---|

The Action claims that under ERISA, Defendants owed fiduciary duties of loyalty, care, and prudence to the Plan and that they violated those duties in connection with the selection and monitoring of the Plan's investment options and recordkeeping fees. During the Class Period, participants in the Plan were able to allocate their account balances among various investment funds. The Named Plaintiffs allege that because the Plan had over $616 million dollars in assets, it had substantial bargaining power regarding the fees and expenses that were charged against participants' investments. The Named Plaintiffs further allege that Defendants did not try to reduce the Plan's expenses and selected for the Plan individual investment options that purportedly charged excessive fees or underperformed compared to "similar" investment options available to the Plan. Additionally, the Named Plaintiffs allege Defendants failed to prudently monitor the recordkeeping fees charged to Plan participants. Recordkeeping in simple terms refers to the suite of administrative services provided to retirement plan participants such as enrollment, implementing participants' investment selections, maintaining the plan website and call center, and providing individual account statements to participants.

QUESTIONS?  VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

**THE DEFENSES IN THE ACTION**

The Defendants deny all of the claims and allegations made in the Action and deny that they ever engaged in any wrongful conduct. If the Action were to continue, the Defendants would raise numerous defenses to liability, including but not limited to:

Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;

Defendants reasonably and prudently managed the Plan's investment options and fees, including recordkeeping fees, and fulfilled all of their fiduciary obligations;

The Plan's investment options were and are objectively reasonable, prudent, and sound investment options for Plan participants;

The Plan's recordkeeping fees were and are objectively reasonable; and

Even if a court were to determine that the Defendants failed to discharge any duty under ERISA, any such breach of fiduciary duty did not cause the Plan or its participants to suffer any loss.

**THE LITIGATION**

Class Counsel has extensively investigated the allegations in the Action. Among other efforts, Class Counsel reviewed Plan-governing documents and materials, communications with Plan participants, U.S. Department of Labor filings, fee disclosure documents, reports from consultants to the Plan (including benchmarking analyses), committee meeting minutes, and other documents regarding the general and specific matters that were alleged in the original complaint filed on November 13, 2020, and the amended complaints filed on April 16, 2021 and June 16, 2021. In the Second Amended Complaint (referred to hereafter as the "Complaint"), the Named Plaintiffs allege that the Defendants breached the fiduciary duties of prudence and loyalty under ERISA by selecting for the Plan individual investment options that purportedly charged excessive fees and underperformed compared to "similar" investment options available to the Plan. Plaintiffs also allege that the Defendants allowed the Plan to pay excessive recordkeeping fees and administrative expenses.

**SETTLEMENT DISCUSSIONS**

Over the course of several months, the Parties engaged in extensive settlement negotiations. Class Counsel retained an expert to value the amount of damages suffered by the Class. The Parties subsequently negotiated the specific terms of the Settlement Agreement and related documents. On October 28, 2021, the Named Plaintiffs filed a motion seeking preliminary approval of the Settlement as well as seeking related relief.

---

**3. WHY IS THIS CASE A CLASS ACTION?**

---

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the conduct alleged in this Action is claimed to have affected a large group of people – participants in the Plan during the Class Period – in a similar way, the Named Plaintiffs filed this case as a class action.

---

**4. WHY IS THERE A SETTLEMENT?**

---

As in any litigation, all parties face an uncertain outcome. On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in no recovery at all or in a recovery that is less than the amount of the Settlement. Based on these factors, the Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class members.

---

**5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?**

---

You are a member of the Settlement Class if you fall within the definition of the Settlement Class preliminarily approved by Judge Stephen J. Murphy III:

All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between November 13, 2014 and September 30, 2021.

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 4 OF 8

**THE SETTLEMENT BENEFITS—WHAT YOU GET**

---

**6. WHAT DOES THE SETTLEMENT PROVIDE?**

Provided that the Settlement becomes Final, a Settlement Fund consisting of $470,000 will be established in the Action. The amount of money that will be allocated among members of the Settlement Class, after the payment of any taxes and Court-approved costs, fees, and expenses, including attorneys' fees and expenses of Class Counsel, any Court-approved Case Contribution Awards to be paid to the Named Plaintiffs, and payment of expenses incurred in calculating the Settlement payments and administering the Settlement, is called the Net Settlement Amount. The Net Settlement Amount will not be known until these other amounts are quantified and deducted. The Net Settlement Amount will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. The Plan of Allocation describes how Settlement payments will be distributed to Settlement Class members who receive a payment.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the Released Parties from Released Claims. The Released Parties are (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors In Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them. Released Claims are defined in the Settlement Agreement and include all claims that were or could have been asserted in the Action, whether known or unknown. This means, for example, that Settlement Class members will not have the right to sue the Released Parties for failure to prudently select and monitor the Plan's investment options or fees, or related matters that occurred during the Class Period.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Released Parties and Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.Meritorerisasettlement.com or by contacting Class Counsel listed on Page 2 above.

---

**7. HOW MUCH WILL MY PAYMENT BE?**

Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation by a third-party vendor ("Settlement Administrator") selected by Class Counsel. You are not required to calculate the amount you may be entitled to receive under the Settlement as the Settlement Administrator will do so under the Plan of Allocation. In general, your proportionate share of the Settlement will be calculated based upon your average account balance during the November 12, 2014 through September 30, 2021 class period, relative to the average account balance of other Class Members, with a greater portion of the Net Settlement Fund being allocated to account balances between November 12, 2014 through December 31, 2018, before the Plan implemented certain recordkeeping and administrative fee reductions for subsequent periods.

**You will not be required to produce records that show your Plan activity**. If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the Plan's records for your account. If you have questions regarding the allocation of the Net Settlement Amount, please contact Class Counsel listed on Page 2 above.

---

**8. HOW MAY I RECEIVE A PAYMENT?**

You do not need to file a claim. Former Participants (*i.e.*, Class Members who do not have an Active Account in the Plan when payments under the Settlement are distributed, as defined in the Settlement Agreement) will be paid directly by the Settlement Administrator by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above. Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 5 OF 8

## 9. WHEN WOULD I GET MY PAYMENT?

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, approval of the Settlement by an independent fiduciary to the Plan, transfer of the Net Settlement Amount to the Plan, and calculation of the amount of the Settlement owed to each Settlement Class member. If appeals are taken by objectors who oppose the approval of the Settlement, this process may take a long time to complete, possibly several years.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve, or materially modifies the Settlement Agreement, or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed again as if the Settlement Agreement had not been entered into. The Settlement is not conditioned upon the Court's approval of attorneys' fees or the reimbursement of expenses/costs sought by Class Counsel, the Case Contribution Awards sought by the Named Plaintiffs, or any appeals solely related thereto.

## 10. CAN I GET OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement**. The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class members to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. For more information on how to object to the Settlement, *see* the answer to Question 13 below.

## THE LAWYERS REPRESENTING YOU

## 11. DO I HAVE A LAWYER IN THE CASE?

The Court has preliminarily appointed the law firm of Edelson Lechtzin LLP and Fink Bressack PLLC as Class Counsel for the Named Plaintiffs in the Action. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will file a motion with the Court asking for the award of attorneys' fees of not more than 30% of the Settlement Amount, plus reimbursement of litigation expenses incurred in connection with the prosecution of the Action not to exceed $20,000. This motion will be considered by the Court at the Fairness Hearing described below.

**OBJECTING TO THE ATTORNEYS' FEES**

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

## 13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement in *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.). Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 6 OF 8

**You must file your objection with the Clerk of the Court of the United States District Court for the Eastern District of Michigan no later than** _____. The address is:

Clerk of the Court
United States District Court, Eastern District of Michigan
Theodore Levin United States Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

The objection must refer prominently to this case name: *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.).

A copy of your objection must also be provided to Class Counsel and Defense Counsel, respectively, at the following addresses:

| <u>Class Counsel</u> | <u>Defense Counsel</u> |
|---|---|
| Eric Lechtzin | Christopher Boran |
| Edelson Lechtzin LLP | Morgan, Lewis & Bockius, LLP |
| 3 Terry Drive, Suite 205 | 110 North Wacker Drive |
| Newtown, PA 18940 | Chicago, IL 60606 |

**THE FAIRNESS HEARING**

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may participate in the Fairness Hearing, **which may be held telephonically or by video conference,** and you may ask to speak, but you do not have to participate in the Fairness Hearing to have your objection considered. **It is your obligation to ensure that your written objection is filed with the Court by no later than** _____.

### 14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Fairness Hearing at _____.m. on _____ , at the United States District Court for the Eastern District of Michigan, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 before the Hon. Stephen J. Murphy, or such other courtroom as the Court may designate. **The Court may adjourn the Fairness Hearing without further notice to the Settlement Class and also may schedule the hearing to be done by telephone or video conference. If you wish to participate you should confirm the date and time of the Fairness Hearing with Class Counsel before doing so.** At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs. The Parties do not know how long these decisions will take or whether appeals will be filed.

### 15. DO I HAVE TO PARTICIPATE IN THE HEARING?

No, but you are welcome to do so. If you file an objection, you do not have to participate in the Fairness Hearing to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement. You also may pay your own lawyer to participate in the Fairness Hearing, but such participation is also not necessary.

### 16. MAY I SPEAK AT THE HEARING?

If you submit a written objection to the Settlement to the Court, Class Counsel, and Defense Counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing and present your objections to the Court. You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing AND you file a Notice of Intention to Participate, as described in this paragraph. To do so, you must file with the Court a letter or other paper called a "Notice of Intention to Participate in Fairness Hearing in *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Participate must be received by the attorneys listed in the answer to Question 13 above, no later than _____, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

QUESTIONS?  VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

**IF YOU DO NOTHING**

| 17. WHAT HAPPENS IF I DO NOTHING AT ALL? |
|---|

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice.

### GETTING MORE INFORMATION

| 18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? |
|---|

Yes. This Notice summarizes the proposed Settlement. The complete terms are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 2 above. Copies may also be obtained at a dedicated Settlement website, www.Meritorerisasettlement.com, by calling the toll-free number, 855-461-1151, or by sending an email to elechtzin@edelson-law.com. You are encouraged to read the complete Settlement Agreement.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE COMPANY, OR DEFENDANTS REGARDING THIS NOTICE. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

QUESTIONS?  VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 8 OF 8

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| STEVE SLAVENS, FRANK SLAVENS, and KEVIN LEVY, individually and as representatives of a class of participants and beneficiaries on behalf of the Meritor 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>MERITOR, INC., the BOARD OF DIRECTORS OF MERITOR, INC., the MERITOR INC. EMPLOYEE BENEFITS COMMITTEE, MIKE LEI, TIMOTHY HEFFRON, and JOHN DOES 1-21,<br><br>Defendants. | Civil Action No. 2:20-cv-13047<br><br>Hon. Stephen J. Murphy, III<br><br>Mag. Anthony P. Patti |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This Action came before the Court for hearing on _____ to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

1.    The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

2.    For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All persons, who were participants in or beneficiaries of the Plan at any time between November 13, 2014 and September 30, 2021. Excluded from the Settlement Class are the members of the Plan's fiduciary committee during the Class Period.

3.    The Court finds for the sole purpose of settling and resolving the Action that:

(a)    as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)    as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c)     as required by Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify.

(d)     as required by Fed. R. Civ. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class.

(e)     as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.     The Court hereby appoints Named Plaintiffs Stephen Slavens, Frank Slavens, and Kevin Levy as Class Representatives for the Settlement Class, and Edelson Lechtzin LLP and Fink Bressack PLLC, as Class Counsel for the Settlement Class.

5.     The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to the Named Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice

constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6.     The Court hereby finds that the Settlement was reviewed by an independent fiduciary, which has approved the Settlement.

7.     The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

8.     Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a)     The Settlement was negotiated vigorously and at arm's-length by Defendants and Defense Counsel, on the one hand, and Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b)     Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)     If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)     The amount of the Settlement – four hundred seventy thousand dollars ($470,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Class Settlement Amount is efficient and requires no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv). The Gross Settlement Amount is within the range of settlement values obtained in similar cases;

(e)     At all times, Named Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f)     The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

9.     The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net

Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

10.     All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

11.     The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees

and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

12.     The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13.     The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

14.     Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15.     The operative complaint and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

16.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Awards to the Named Plaintiffs, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

17.     Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may

also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

18.     In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

19.     With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

20.     Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

21.     Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Order and Judgment.

SO ORDERED this _____ day of _____, 2021.

_____
Hon. Stephen J. Murphy III
United States District Court Judge

# EXHIBIT E

November __, 2021

**VIA FEDERAL EXPRESS**

[Department]
[Address]

Re: *Slavens, et al. v. Meritor, Inc., et al.*,
   <u>Case No. 2:20-cv-13047, (E.D. Mi.), Notice Pursuant to 28 U.S.C. § 1715</u>

Dear Sir or Madam:

On behalf of Defendants Meritor, Inc., the Board of Directors of Meritor, Inc., the Meritor, Inc. Employee Benefits Plan Committee, Mike Lei, and Timothy Heffron (collectively "Defendants"), Angeion Corp., the Settlement Administrator, hereby provides this Notice of a Proposed Class Action Settlement in the above-referenced class actions pursuant to the Class Action Fairness Act of 2005 ("CAFA"). The proposed settlement will resolve the case.

In accordance with its obligations under CAFA, the Settlement Administrator encloses the following:

**(1) The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiffs' Class Action Complaint, First Amended Complaint, and Second Amended Complaint filed in the *Slavens, et al. v. Meritor, Inc., et al.* case can be found on the enclosed CD as "Exhibit 1- Meritor Complaints."

**(2) Notice of any scheduled judicial hearing in the class action.**

Addressee
November ___, 2021
Page 2

The Court has not yet scheduled a fairness hearing regarding the settlement.  Once the Court sets a hearing date, such date(s) can be found on PACER as follows:  (1) enter PACER through https://ecf.mied.uscourts.gov/cgi-bin/login.pl, (2) click on "Query,"  (3) enter the civil case number, 2:20-cv-13047, (4) click on "Run Query," and (5) click on "Docket Report."  The order(s) scheduling hearing(s) will be found on the docket entry sheet.

**(3)     Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Class Members."

**(4)     Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties and as submitted to the Court can be found on the enclosed CD as "Exhibit 3 – Settlement Agreement."  There are no other agreements contemporaneously made between Class Counsel and counsel for the Defendants.

**(5)     A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online as follows:  (1) enter PACER through https://ecf.mied.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 2:20-cv-13047, (4) click on "Run Query," and (5) click on "Docket Report." The order(s) entering final judgment will be found on the docket entry sheet.

**(6)     Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

On the enclosed CD is a list of the currently known names of Class Members who reside in your state.  As of today, it is not feasible to identify the names of every Class Member who resides in your state; the list of names contained in the attached CD represents our best current estimate of the total number of Class Members resident in your state.  The specific settlement allocation to each Class Member will be determined by the Settlement Administrator according to a Court-approved formula.  As a result, we do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the Class Members who reside in each state to the entire settlement.  Upon final approval of the Court, the settlement proceeds will be distributed among the Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

Addressee
November __, 2021
Page 3

**(7)      Any written judicial opinion relating to the materials described in (3) to (5).**

The Court has not yet entered a Preliminary Approval Order or any opinions relating to the materials described in sections (3) to (5).  Upon entry, a copy of said Order or opinion can be found online through the process described in section (5) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be found online through the process described in section (5) above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do not hesitate to contact me.

Sincerely,

Enclosures