# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEVE SLAVENS, FRANK SLAVENS, and KEVIN LEVY, individually and as representatives of a class of participants and beneficiaries on behalf of the Meritor 401(k) Plan,<br><br>                 Plaintiffs,<br><br>       v.<br><br>MERITOR, INC., the BOARD OF DIRECTORS OF MERITOR, INC., the MERITOR INC. EMPLOYEE BENEFITS COMMITTEE, MIKE LEI, TIMOTHY HEFFRON, and JOHN DOES 1-21,<br><br>                 Defendants. | Civil Action No. 2:20-cv-13047<br><br>Hon. Stephen J. Murphy, III<br><br>Mag. Anthony P. Patti |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SCHEDULING A DATE FOR A <u>FAIRNESS HEARING</u>**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Meritor, Inc. 401(k) Savings Plan ("Plan").[1] The terms of the

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

Settlement are set out in the Settlement Agreement, fully executed as of November 23, 2021, by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing filed on _____, 2021, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement and the matter having come before the Court at the _____, 2021 hearing, due notice having been given and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.    **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between November 13, 2014 and September 30, 2021.

2.     Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a)     as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)     as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c)     as required Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify.

(d)     as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Class Members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class.

(e)     as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual

Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3.     The Court preliminarily appoints the Named Plaintiffs Stephen Slavens, Frank Slavens, and Kevin Levy as Class Representatives for the Settlement Class, and Edelson Lechtzin LLP and Fink Bressack PLLC, as Class Counsel for the Settlement Class.

4.     **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

(a)   The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b)   Named Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

(c)   If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class, faced the expense, risk, and uncertainty of protracted litigation;

(d)   The amount of the Settlement – four hundred seventy thousand dollars ($470,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records and requiring no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv);

(e)     At all times, the Named Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

(f)     The proposed Plan of Allocation is fair, reasonable, and adequate.

5.     **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with terms of the Settlement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (i) their obligation to cause the Gross Settlement Amount to be paid; and (ii) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the

Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the

7

availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6.    **Fairness Hearing** – A hearing is scheduled for ▓▓▓▓▓▓▓▓▓▓ [at least 120 days after preliminary approval] to make a final determination, concerning among other things:

- Any objections from Class Members to the Settlement or any aspects of it.

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Expenses and Case Contribution Awards to the Named Plaintiffs are fair and reasonable, and should be approved.

7.    **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement and attached hereto as Exhibit 1. The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of

9

Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for the Named Plaintiffs for their service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8. **Settlement Administrator** – The Court hereby approves the appointment of Angeion Group as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

- By no later than Angeion Group (Thirty days after entry of this Order), cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by email to the last known email address of each member of the Settlement Class who can be identified through reasonable effort. If a member of the Settlement Class cannot be reached by electronic means, then the Settlement Administrator shall cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of such members of the Settlement Class who can be identified through reasonable effort. The Settlement Administrator

10

shall use commercially reasonable efforts to locate any Class Member whose physically mailed Settlement Notice is returned and re-send such documents one additional time.

- By no later than Angeion Group(Thirty days after entry of this Order), cause the Settlement Notice to be published on the website identified in the Settlement Notice, Angeion Group, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

9.     **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than _____ (Forty-four days before the date of the Fairness Hearing specified in this Order).

10.    **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later

than _____ (Forty-four days before the date of the Fairness

Hearing specified in this Order).

11.   **Objections to Settlement** – Any member of the Settlement Class may

file an objection to the fairness, reasonableness, or adequacy of the Settlement, to

any term of the Settlement Agreement, to the Plan of Allocation, to the proposed

award of attorneys' fees and litigation costs, to the payment of costs of administering

the Settlement out of the Settlement Fund, or to the request for a Case Contribution

Award for the Named Plaintiffs. An objector must file with the Court a statement of

his, her, or its objection(s), specifying the reason(s), if any, for each such objection

made, including any legal support and/or evidence that the objector wishes to bring

to the Court's attention or introduce in support of the objection(s). The address for

filing objections with the Court is as follows:

> Clerk of Court
> United States District Court, Eastern District of Michigan
> Theodore Levin United States Courthouse
> 231 W. Lafayette Blvd.
> Detroit, MI 48226

> Re: *Slavens et al. v. Meritor, Inc., et al.*, No. 2:20-cv-13047 (E.D. MI.)

The objector or his, her, or its counsel (if any) must file the objection(s) and

supporting materials with the Court and provide a copy of the objection(s) and

supporting materials to Class Counsel and Defense Counsel at the addresses in the

Settlement Notice no later than _____ (Fourteen days before the date of

the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than _____ (Fourteen days before the date of the Fairness Hearing specified in this Order). Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than _____ (Seven days before the date of the Fairness Hearing specified in this Order). There shall be no reply briefs.

12.    Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than _____ (Seven days before the date of the Fairness Hearing specified in this Order).

13.    **Participation in Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also participate in the Fairness Hearing either in person (or remotely, if the Fairness Hearing is held remotely) or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to participate in at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone

13

number of the objector's attorney) with the Court by no later than

_____ (Fourteen days before the date of Fairness Hearing specified

in this Order).  Any objectors, or their counsel, who does not timely file a notice of

intention to participate in accordance with this paragraph shall not be permitted to

speak at the Fairness Hearing, except for good cause shown.

14.    **Notice Expenses** – The expenses of printing, mailing, and publishing

the Settlement Notice required herein shall be paid exclusively from the Qualified

Settlement Fund.

15.    **Parallel Proceedings** – Pending final determination of whether the

Settlement Agreement should be approved, the Named Plaintiffs, every Class

Member, and the Plan are prohibited and enjoined from directly, through

representatives, or in any other capacity, commencing any action or proceeding in

any court or tribunal asserting any of the Released Claims against the Released

Parties, including Defendants.

16.    **Class Action Fairness Act Notice** – The form of notice under the Class

Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement

Agreement complies with the requirements of CAFA and will, upon mailing,

discharge Defendants' obligations pursuant to CAFA.

17.    **Continuance of Final Approval Hearing** – The Court reserves the

right to continue the Fairness Hearing without further written notice to the Class

Members and also may schedule the hearing to be held by telephone or video conference.

18.    **No Admission of Fault -** This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification.  This Order shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or Class Member that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable.  This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she or it may have.

**SO ORDERED** this ____ day of _____, 2021.


_____
Hon. Stephen J. Murphy III
United States District Court Judge

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **STEVE SLAVENS**, *et al.*, <br><br>       **Plaintiffs,** <br><br> **v.** <br><br> **MERITOR INC.**, *et al.*, <br><br>       **Defendants.** | **Case No. 2:20-cv-13047** |

<u>**NOTICE OF CLASS ACTION SETTLEMENT**</u>

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS**

You are receiving this Notice of Class Action Settlement ("Notice") because the records of the Meritor, Inc. 401(k) Savings Plan (the "Plan") indicate that you were a participant in the Plan who maintained a balance of any amount at any quarter-end during the period from November 13, 2014 through September 30, 2021, (the "Class Period"). As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement Agreement if you disagree with its terms, and what deadlines apply.**

This Notice contains summary information with respect to the Settlement.  The complete terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Notice, but not defined in this Notice, have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, www.Meritorerisasettlement.com.

The Court in charge of this case is the United States District Court for the Eastern District of Michigan. The persons who sued on behalf of themselves and the Plan are called the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Steve Slavens, Frank Slavens and Kevin Levy. The Defendants are Meritor Inc., ("Meritor") the Board of Directors of Meritor Inc., the Meritor Inc. Employee Benefits Committee, Mike Lei and Timothy Heffron. The Action is known as *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.).

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IF YOU ARE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT AGREEMENT.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to file a claim in order to receive a Settlement payment if you are entitled to receive a payment under the Settlement Agreement. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you are participating or have an account balance in the Plan on the Settlement Effective Date and are a Settlement Class member, any share of the Net Settlement Amount to which you are entitled will be deposited into your Plan account. If you are a Former Participant (*i.e.*, no longer a participant in the Plan) and are a Settlement Class member, such funds shall be paid directly to you by the Settlement Administrator. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY _____.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and the attorneys for the Parties about why you object to the Settlement. |
| **YOU MAY PARTICIPATE IN THE FAIRNESS HEARING TO BE HELD ON _____.** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing about the Settlement and present your objections to the Court. You may attend in the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing *and* you file a Notice of Intention to Appear, as described in the answer to Question 16 in this Notice. |

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting the following Class Counsel:

Eric Lechtzin
Edelson Lechtzin LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Tel: (215) 867-2399

Class Counsel has established a toll-free phone number to receive your comments and questions: 855-461-1151. You may also send an email to elechtzin@edelson-law.com. You should contact Class Counsel with any questions regarding this Settlement, not the Court, Meritor, or counsel for the Defendants.

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| SUMMARY OF SETTLEMENT | 2 |
| BASIC INFORMATION | 3 |
|    1. WHY DID I GET THIS NOTICE PACKAGE? | 3 |
|    2. WHAT IS THE ACTION ABOUT? | 3 |
|    3. WHY IS THIS CASE A CLASS ACTION? | 4 |
|    4. WHY IS THERE A SETTLEMENT? | 4 |
|    5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? | 4 |
| THE SETTLEMENT BENEFITS—WHAT YOU GET | 5 |
|    6. WHAT DOES THE SETTLEMENT PROVIDE? | 5 |
|    7. HOW MUCH WILL MY PAYMENT BE? | 5 |
|    8. HOW MAY I RECEIVE A PAYMENT? | 5 |
|    9. WHEN WOULD I GET MY PAYMENT? | 6 |
|    10. CAN I GET OUT OF THE SETTLEMENT? | 6 |
| THE LAWYERS REPRESENTING YOU | 6 |
|    11. DO I HAVE A LAWYER IN THE CASE? | 6 |
|    12. HOW WILL THE LAWYERS BE PAID? | 6 |
|    13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? | 6 |
| THE FAIRNESS HEARING | 7 |
|    14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? | 7 |
|    15. DO I HAVE TO COME TO THE HEARING? | 7 |
|    16. MAY I SPEAK AT THE HEARING? | 7 |
| IF YOU DO NOTHING | 8 |
|    17. WHAT HAPPENS IF I DO NOTHING AT ALL? | 8 |
| GETTING MORE INFORMATION | 8 |
|    18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? | 8 |

**SUMMARY OF SETTLEMENT**

This litigation (the "Action") is a class action in which Named Plaintiffs allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA") by, among other things, failing sufficiently to reduce the Plan's expenses and selecting for the Plan investment options that purportedly charged excessive fees or underperformed compared to "similar" investment options available to the Plan. A copy of the operative Complaint as well as other documents filed in the Action are available at www.Meritorerisasettlement.com or from Class Counsel. Defendants have denied and continue to deny all of the claims and allegations in the Action and deny any liability or wrongful conduct of any kind.

A Settlement Fund consisting of $470,000.00 (four hundred seventy thousand U.S. dollars) in cash (the "Gross Settlement Amount") is being established in the Action. The Gross Settlement Amount will be deposited into an escrow account, and the Gross Settlement Amount, together with any interest earned, will constitute the Qualified Settlement Fund. Payment of any taxes, approved attorneys' fees and litigation expenses and payment of Case Contribution Awards to the Named Plaintiffs, and costs of administering the Settlement will be paid out of the Settlement Fund. After the payment of such fees, expenses, and awards, the amount that remains will constitute the Net Settlement Amount. The Net Settlement Amount will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Defendants dispute the claims asserted in the Action and deny that they engaged in any wrongdoing, violation of law or breach of duty. Further, Named Plaintiffs would face an uncertain outcome if the Action were to continue. Prior to settling, Defendants were preparing to file a motion to dismiss the case. An unfavorable ruling for Named Plaintiffs on the motion to dismiss would have severely diminished the value of this Action. Additionally, the Parties had yet to engage in expert discovery regarding the merits of the Action. Absent settlement, Defendants would present evidence that they reasonably and prudently managed the Plan's investment options and fees and fulfilled all of their fiduciary obligations. As a result, continued litigation could result in a judgment in favor of the Defendants and against the Named Plaintiffs and Class. Even if the Named Plaintiffs and Class prevailed, they might recover a judgment greater or less than the benefits obtained as part of the Settlement, or no recovery at all.

The Named Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial. The Defendants deny all claims and contentions by the Named Plaintiffs. The Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plan has suffered any damages for which the Defendants could be held legally responsible. Having considered the uncertainty, costs and risks inherent in any litigation, particularly in a complex case such as this, the Named Plaintiffs, Class Counsel, and the Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of thirty percent (30%) of the Settlement Amount (a maximum amount of $141,000), plus reimbursement of litigation expenses. Any amount awarded will be paid from the Settlement Fund. Defendants have no responsibility for payment of such fees and expenses.

## WHAT WILL THE NAMED PLAINTIFFS GET?

The Named Plaintiffs will share in the allocation of the Net Settlement Amount on the same basis as all other members of the Settlement Class. In addition, the Named Plaintiffs will ask the Court to award up to $7,500 to each of the Named Plaintiffs as Case Contribution Awards for their participation in the Action and representation of the Settlement Class. Any such awards will be paid solely from the Settlement Fund.

### BASIC INFORMATION

| 1. WHY DID I GET THIS NOTICE PACKAGE? |
|---|

You or someone in your family may have been a participant in or a beneficiary of the Plan during **the period from November 13, 2014 to September 30, 2021**, during which time your Plan account included investments in any of the Plan's investment options.

The Court directed that this Notice be sent to you because you fall within the definition of the Settlement Class, and you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be distributed to the Settlement Class members according to a Court-approved Plan of Allocation described below. This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. WHAT IS THE ACTION ABOUT? |
|---|

The Action claims that under ERISA, Defendants owed fiduciary duties of loyalty, care, and prudence to the Plan and that they violated those duties in connection with the selection and monitoring of the Plan's investment options and recordkeeping fees. During the Class Period, participants in the Plan were able to allocate their account balances among various investment funds. The Named Plaintiffs allege that because the Plan had over $616 million dollars in assets, it had substantial bargaining power regarding the fees and expenses that were charged against participants' investments. The Named Plaintiffs further allege that Defendants did not try to reduce the Plan's expenses and selected for the Plan individual investment options that purportedly charged excessive fees or underperformed compared to "similar" investment options available to the Plan. Additionally, the Named Plaintiffs allege Defendants failed to prudently monitor the recordkeeping fees charged to Plan participants. Recordkeeping in simple terms refers to the suite of administrative services provided to retirement plan participants such as enrollment, implementing participants' investment selections, maintaining the plan website and call center, and providing individual account statements to participants.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 3 OF 8

**THE DEFENSES IN THE ACTION**

The Defendants deny all of the claims and allegations made in the Action and deny that they ever engaged in any wrongful conduct. If the Action were to continue, the Defendants would raise numerous defenses to liability, including but not limited to:

> Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;
> Defendants reasonably and prudently managed the Plan's investment options and fees, including recordkeeping fees, and fulfilled all of their fiduciary obligations;
> The Plan's investment options were and are objectively reasonable, prudent, and sound investment options for Plan participants;
> The Plan's recordkeeping fees were and are objectively reasonable; and
> Even if a court were to determine that the Defendants failed to discharge any duty under ERISA, any such breach of fiduciary duty did not cause the Plan or its participants to suffer any loss.

**THE LITIGATION**

Class Counsel has extensively investigated the allegations in the Action. Among other efforts, Class Counsel reviewed Plan-governing documents and materials, communications with Plan participants, U.S. Department of Labor filings, fee disclosure documents, reports from consultants to the Plan (including benchmarking analyses), committee meeting minutes, and other documents regarding the general and specific matters that were alleged in the original complaint filed on November 13, 2020, and the amended complaints filed on April 16, 2021 and June 16, 2021. In the Second Amended Complaint (referred to hereafter as the "Complaint"), the Named Plaintiffs allege that the Defendants breached the fiduciary duties of prudence and loyalty under ERISA by selecting for the Plan individual investment options that purportedly charged excessive fees and underperformed compared to "similar" investment options available to the Plan. Plaintiffs also allege that the Defendants allowed the Plan to pay excessive recordkeeping fees and administrative expenses.

**SETTLEMENT DISCUSSIONS**

Over the course of several months, the Parties engaged in extensive settlement negotiations. Class Counsel retained an expert to value the amount of damages suffered by the Class. The Parties subsequently negotiated the specific terms of the Settlement Agreement and related documents. On October 28, 2021, the Named Plaintiffs filed a motion seeking preliminary approval of the Settlement as well as seeking related relief.

| 3. WHY IS THIS CASE A CLASS ACTION? |
|---|

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the conduct alleged in this Action is claimed to have affected a large group of people – participants in the Plan during the Class Period – in a similar way, the Named Plaintiffs filed this case as a class action.

| 4. WHY IS THERE A SETTLEMENT? |
|---|

As in any litigation, all parties face an uncertain outcome. On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in no recovery at all or in a recovery that is less than the amount of the Settlement. Based on these factors, the Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class members.

| 5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? |
|---|

You are a member of the Settlement Class if you fall within the definition of the Settlement Class preliminarily approved by Judge Stephen J. Murphy III:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between November 13, 2014 and September 30, 2021.

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 4 OF 8

**THE SETTLEMENT BENEFITS—WHAT YOU GET**

---

### 6. WHAT DOES THE SETTLEMENT PROVIDE?

Provided that the Settlement becomes Final, a Settlement Fund consisting of $470,000 will be established in the Action. The amount of money that will be allocated among members of the Settlement Class, after the payment of any taxes and Court-approved costs, fees, and expenses, including attorneys' fees and expenses of Class Counsel, any Court-approved Case Contribution Awards to be paid to the Named Plaintiffs, and payment of expenses incurred in calculating the Settlement payments and administering the Settlement, is called the Net Settlement Amount. The Net Settlement Amount will not be known until these other amounts are quantified and deducted. The Net Settlement Amount will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. The Plan of Allocation describes how Settlement payments will be distributed to Settlement Class members who receive a payment.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the Released Parties from Released Claims. The Released Parties are (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors In Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them. Released Claims are defined in the Settlement Agreement and include all claims that were or could have been asserted in the Action, whether known or unknown. This means, for example, that Settlement Class members will not have the right to sue the Released Parties for failure to prudently select and monitor the Plan's investment options or fees, or related matters that occurred during the Class Period.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Released Parties and Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.Meritorerisasettlement.com or by contacting Class Counsel listed on Page 2 above.

---

### 7. HOW MUCH WILL MY PAYMENT BE?

Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation by a third-party vendor ("Settlement Administrator") selected by Class Counsel. You are not required to calculate the amount you may be entitled to receive under the Settlement as the Settlement Administrator will do so under the Plan of Allocation. In general, your proportionate share of the Settlement will be calculated based upon your average account balance during the November 12, 2014 through September 30, 2021 class period, relative to the average account balance of other Class Members, with a greater portion of the Net Settlement Fund being allocated to account balances between November 12, 2014 through December 31, 2018, before the Plan implemented certain recordkeeping and administrative fee reductions for subsequent periods.

**You will not be required to produce records that show your Plan activity**. If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the Plan's records for your account. If you have questions regarding the allocation of the Net Settlement Amount, please contact Class Counsel listed on Page 2 above.

---

### 8. HOW MAY I RECEIVE A PAYMENT?

You do not need to file a claim. Former Participants (*i.e.*, Class Members who do not have an Active Account in the Plan when payments under the Settlement are distributed, as defined in the Settlement Agreement) will be paid directly by the Settlement Administrator by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above. Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 5 OF 8

### 9. WHEN WOULD I GET MY PAYMENT?

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, approval of the Settlement by an independent fiduciary to the Plan, transfer of the Net Settlement Amount to the Plan, and calculation of the amount of the Settlement owed to each Settlement Class member. If appeals are taken by objectors who oppose the approval of the Settlement, this process may take a long time to complete, possibly several years.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve, or materially modifies the Settlement Agreement, or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed again as if the Settlement Agreement had not been entered into. The Settlement is not conditioned upon the Court's approval of attorneys' fees or the reimbursement of expenses/costs sought by Class Counsel, the Case Contribution Awards sought by the Named Plaintiffs, or any appeals solely related thereto.

### 10. CAN I GET OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement**. The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class members to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. For more information on how to object to the Settlement, *see* the answer to Question 13 below.

### THE LAWYERS REPRESENTING YOU

### 11. DO I HAVE A LAWYER IN THE CASE?

The Court has preliminarily appointed the law firm of Edelson Lechtzin LLP and Fink Bressack PLLC as Class Counsel for the Named Plaintiffs in the Action. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will file a motion with the Court asking for the award of attorneys' fees of not more than 30% of the Settlement Amount, plus reimbursement of litigation expenses incurred in connection with the prosecution of the Action not to exceed $20,000. This motion will be considered by the Court at the Fairness Hearing described below.

**OBJECTING TO THE ATTORNEYS' FEES**

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

### 13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement in *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.). Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 6 OF 8

**You must file your objection with the Clerk of the Court of the United States District Court for the Eastern District of Michigan no later than** _____. The address is:

Clerk of the Court
United States District Court, Eastern District of Michigan
Theodore Levin United States Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

The objection must refer prominently to this case name: *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.).

A copy of your objection must also be provided to Class Counsel and Defense Counsel, respectively, at the following addresses:

| <u>Class Counsel</u> | <u>Defense Counsel</u> |
|---|---|
| Eric Lechtzin | Christopher Boran |
| Edelson Lechtzin LLP | Morgan, Lewis & Bockius, LLP |
| 3 Terry Drive, Suite 205 | 110 North Wacker Drive |
| Newtown, PA 18940 | Chicago, IL 60606 |

**THE FAIRNESS HEARING**

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may participate in the Fairness Hearing, **which may be held telephonically or by video conference,** and you may ask to speak, but you do not have to participate in the Fairness Hearing to have your objection considered. **It is your obligation to ensure that your written objection is filed with the Court by no later than** _____.

| **14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** |
|---|

The Court will hold the Fairness Hearing at _____.m. on _____ , at the United States District Court for the Eastern District of Michigan, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 before the Hon. Stephen J. Murphy, or such other courtroom as the Court may designate. **The Court may adjourn the Fairness Hearing without further notice to the Settlement Class and also may schedule the hearing to be done by telephone or video conference. If you wish to participate you should confirm the date and time of the Fairness Hearing with Class Counsel before doing so.** At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs. The Parties do not know how long these decisions will take or whether appeals will be filed.

| **15. DO I HAVE TO PARTICIPATE IN THE HEARING?** |
|---|

No, but you are welcome to do so. If you file an objection, you do not have to participate in the Fairness Hearing to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement. You also may pay your own lawyer to participate in the Fairness Hearing, but such participation is also not necessary.

| **16. MAY I SPEAK AT THE HEARING?** |
|---|

If you submit a written objection to the Settlement to the Court, Class Counsel, and Defense Counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing and present your objections to the Court. You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing AND you file a Notice of Intention to Participate, as described in this paragraph. To do so, you must file with the Court a letter or other paper called a "Notice of Intention to Participate in Fairness Hearing in *Slavens, et al., v. Meritor Inc., et al.*, No. 2:20-cv-13047 (E.D. Mich.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Participate must be received by the attorneys listed in the answer to Question 13 above, no later than _____, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

QUESTIONS? VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

**IF YOU DO NOTHING**

| **17. WHAT HAPPENS IF I DO NOTHING AT ALL?** |
| --- |

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice.

**GETTING MORE INFORMATION**

| **18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?** |
| --- |

Yes. This Notice summarizes the proposed Settlement. The complete terms are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 2 above. Copies may also be obtained at a dedicated Settlement website, www.Meritorerisasettlement.com, by calling the toll-free number, 855-461-1151, or by sending an email to elechtzin@edelson-law.com. You are encouraged to read the complete Settlement Agreement.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE COMPANY, OR DEFENDANTS REGARDING THIS NOTICE. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

QUESTIONS?  VISIT www.Meritorerisasettlement.com OR CALL TOLL-FREE 855-461-1151

DO NOT CONTACT THE COURT OR MERITOR, INC. WITH YOUR QUESTIONS.

PAGE 8 OF 8