UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SLAVENS, et al.,

        Plaintiffs,

v.

MERITOR, INC., et al.,

        Defendants.
_____/

Case No. 2:20-cv-13047

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING
PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT,
PRELIMINARILY CERTIFYING A CLASS
FOR SETTLEMENT PURPOSES, APPROVING
FORM AND MANNER OF SETTLEMENT NOTICE,
PRELIMINARILY APPROVING PLAN OF ALLOCATION,
AND SCHEDULING A DATE FOR A FAIRNESS HEARING [28]**

The action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, with respect to the Meritor, Inc. 401(k) Savings Plan ("Plan").[1] The terms of the Settlement are set out in the Settlement Agreement that was fully executed as of November 23, 2021 by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the Named Plaintiffs' motion for preliminary approval of class action settlement, preliminary certification of a class for settlement purposes, approving form and manner of settlement notice, preliminarily approving plan of

---

[1] All capitalized terms not otherwise defined in the Court's order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

allocation, and scheduling a date for a fairness hearing filed on November 23, 2021, ECF 28, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement, due notice having been given and the Court having been fully advised in the premises, **WHEREFORE**, it is hereby **ORDERED** that the motion [28] is **GRANTED** and:

1. **Preliminary Certification of the Settlement Class:** In accordance with the Settlement Agreement, and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1), the Court conditionally certifies the following class ("Settlement Class"): All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan at any time between November 13, 2014 and September 30, 2021.

2. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

    a. as required by Rule 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

    b. as required by Rule 23(a)(2), there are one or more questions of law and fact common to the Settlement Class;

c.  as required by Rule 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify;

d.  as required by Rule 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Class Members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class;

e.  as required by Rule 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

f.  as required by Rule 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in

handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3. The Court preliminarily appoints the Named Plaintiffs Stephen Slavens, Frank Slavens, and Kevin Levy as Class Representatives for the Settlement Class, and Edelson Lechtzin LLP and Fink Bressack PLLC, as Class Counsel for the Settlement class.

4. **Preliminary Approval of Proposed Settlement:** The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate. The Court preliminarily finds that:

   a. the Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

   b. Named Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

   c. if the Settlement had not been achieved, Named Plaintiffs and the Settlement Class, faced the expense, risk, and uncertainty of protracted litigation;

   d. the amount of the Settlement—four-hundred-seventy-thousand dollars ($470,000.00)—is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Class Settlement amount is efficient, relying on

  Defendants' records and requiring no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Rule 23(e)(2)(C)(iv);

 e. at all times, the Named Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

 f. the proposed Plan of Allocation is fair, reasonable, and adequate.

5. **Establishment of Qualified Settlement Fund:** A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with terms of the Settlement. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (i) their obligation to cause the Gross Settlement Amount to be paid; and (ii) their agreement to cooperate in providing information that is necessary for settlement administration set forth

in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with the Court's order or any additional orders of the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement

6

Administrator, in his or her discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of both the Settlement Fund and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with the Agreement's terms and the Court's order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund and other information that the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered and awards are being

made in accordance with the purposes of the Settlement Agreement, the Court's Order, and any future orders that the Court issues.

6. **Fairness Hearing:** A hearing is **SCHEDULED** for **Tuesday, April 12, 2022 at 1:00 p.m.**, in person, in courtroom 216 of the Theodore Levin U.S. Courthouse to make a final determination, concerning among other things:

    a. any objections from Class Members to the Settlement or any aspects of the Settlement;

    b. whether the Settlement merits final approval as fair, reasonable, and adequate;

    c. whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

    d. whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

    e. whether the proposed Plan of Allocation should be granted final approval; and

    f. whether Class Counsel's applications for Attorneys' Fees and Expenses and Case Contribution Awards to the Named Plaintiffs are fair and reasonable and should be approved.

7. **Settlement Notice:** The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement. The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies

the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution award for the Named Plaintiffs for their service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8. **Settlement Administrator:** The Court approves the appointment of Angeion Group as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

    a. within thirty days after entry of the Court's order, cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by email to the last known email address of each member of the Settlement Class who can be identified through reasonable effort. If a member of the Settlement Class cannot be reached by electronic means, then the Settlement Administrator shall cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of such members of the Settlement Class who can be identified through reasonable effort. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose

9

physically mailed Settlement Notice is returned and re-send such documents one additional time;

b. within thirty days after entry of the Court's order, cause the Settlement Notice to be published on the website identified in the Settlement Notice, and will also host and make available copies of all Settlement-related documents, including the Settlement Agreement; and

c. the Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best means of notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards:** Any petition by Class Counsel for attorneys' fees, litigation costs, and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be **FILED no later than February 25, 2022**, which is forty-four days before the date of the Fairness Hearing.

10. **Briefs in Support of Final Approval of the Settlement:** Briefs and other documents in support of final approval of the Settlement shall be **FILED no later than February 25, 2022**, which is forty-four days before the date of the Fairness Hearing.

11. **Objections to Settlement:** Any member of the Settlement Class may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed

award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of their objections, specifying the reasons, if any, for each such objection made, including any legal support and evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

>Clerk of Court
>United States District Court, Eastern District of Michigan
>Theodore Levin United States Courthouse
>231 W. Lafayette Blvd.,
>Detroit, MI 48226.

>Re: *Slavens v. Meritor, Inc.*, No. 2:20-cv-13047 (E.D. Mich.)

a. The objector or their counsel, if applicable, must **FILE** the objections and supporting materials with the Court and **PROVIDE** a copy of the objections and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice **no later than March 29, 2022**, which is fourteen days before the date of the Fairness Hearing. If an objector hires an attorney to represent them for the purposes of making an objection pursuant to the foregoing, the attorney must also **FILE** a notice of appearance with the Court **no later than March 29, 2021**, which is fourteen days before the date of the Fairness Hearing. Any member of the Settlement Class or other Person who does not timely file a written objection complying with the above terms shall

11

be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be **FILED** with the Court **no later than April 5, 2022**, which is seven days before the date of the Fairness Hearing. There shall be no reply briefs.

12. Any additional briefs the Parties may wish to file in support of the Settlement shall be **FILED no later than April 5, 2022**, which is seven days before the date of the Fairness Hearing.

13. **Participation in Final Approval Hearing:** Any objector who files a timely, written objection in accordance with paragraph eleven above may also participate in the Fairness Hearing either remotely or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate in the Fairness Hearing must **FILE** a notice of intention to participate—and, if applicable, the name, address, and telephone number of the objector's attorney—with the Court **no later than March 29, 2022**, which is fourteen days before the date of the Fairness Hearing. Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with the above shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14. **Notice Expenses:** The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund.

15. **Parallel Proceedings:** Pending final determination of whether the Settlement Agreement should be approved, the Named Plaintiffs, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16. **Class Action Fairness Act Notice:** The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

17. **Continuance of Final Approval Hearing:** The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be held in person, by telephone, or by video conference.

18. **No Admission of Fault:** The Court's order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. The Court's order shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or Class Member that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. The

Court's order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims they may have.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: December 7, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 7, 2021, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager