UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SLAVENS, et al.,

        Plaintiffs,

v.

MERITOR, INC., et al.,

        Defendants.
_____/

Case No. 2:20-cv-13047

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PLAINTIFFS' MOTION FOR
AWARDS OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE FEE [32]**

Plaintiffs' Motion for an Order approving awards of attorneys' fees, expenses, and class representative incentive fees to Plaintiffs Steve Slavens, Frank Slavens, and Kevin Levy (collectively, "Named Plaintiffs"), came before the Court for hearing on April 12, 2022. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Order shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

1. The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

2. Class Counsel's Fee Request: Plaintiffs seek an award of 30 percent of the Common Fund (or $141,000.00), for their attorneys, Edelson Lechtzin LLP and Fink Bressack PLLC (collectively, "Class Counsel"). The requested percentage of the common fund fee award is reasonable. Indeed, the requested percentage is lower than many common fund fee awards in the Sixth Circuit. *See, e.g., Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, No. 10-14360, 2015 WL 1498888, at *15 (E.D. Mich. Mar. 31, 2015) ("Courts have noted that the range of reasonableness in common fund cases is from 20 to 50 percent of the common fund."). The instant fee is well within this range.

3. In the Sixth Circuit, courts employ a six-factor test to determine the reasonableness of attorney fee calculations: "(1) the value of the benefit rendered to the [plaintiff class]; (2) society's stake in rewarding attorneys who produce such benefits to maintain an incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved." *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

4. The Court has considered such factors and concludes that each of these factors favor granting Named Plaintiffs' request for attorneys' fees.

5. In addition, the Court has reviewed Class Counsel's lodestar fees as a cross-check for the requested common fund award. The Court has reviewed declarations of Class Counsel stating the number of hours and hourly rate for

      each attorney and paralegal who worked on this matter. Notably, the requested award of attorneys' fees in the amount of 30 percent of the common fund (or $141,000.00), is substantially less than Class Counsel's lodestar incurred over the course of this litigation.

6. Based upon the foregoing, the Court grants Plaintiffs' motion with respect to attorneys' fees. Class Counsel shall be entitled to receive out of the Settlement Amount reasonable attorneys' fees in the amount of $141,000.00.

7. Reimbursement of Litigation Expenses: This Court may award reasonable expenses authorized by the parties' agreement. Fed. R. Civ. P. 23(h). Class Counsel has submitted a declaration setting forth in detail the expenses they incurred in prosecuting this class action. Such expenses, which include filing fees, travel expenses, copying, delivery and telecommunications charges, legal research charges, and other expenses are typically billed by attorneys to paying clients.

8. Based upon the foregoing, the Court grants Plaintiffs' motion with respect to reimbursement of litigation expenses. Class Counsel shall be entitled to receive out of the Settlement Amount their reasonable costs and other expenses in the amount of $5,248.98.

9. Incentive Awards to Named Plaintiffs: With respect to incentive awards to Named Plaintiffs, the Sixth Circuit has recognized that "there may be circumstances where incentive awards are appropriate." *Vassalle v. Clawson*,

708 F.3d 747, 756 (6th Cir. 2013). The requested award for Named Plaintiffs is in line with incentive awards in other class actions.

10. In recognition of their work and diligence in this matter and the value of the results achieved on behalf of the Members of the Settlement Classes, pursuant to the terms of the Settlement Agreement, each named Plaintiff shall be entitled to receive out of the Settlement Amount an incentive award in the amount of $7,500.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for awards of attorneys' fees, expenses, and incentive fees [32] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager