UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SLAVENS, et al.,

              Plaintiffs,

v.

MERITOR, INC., et al.,

              Defendants.

_____/

Case No. 2:20-cv-13047

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS [31]**

The Action came before the Court for hearing on April 12, 2022 to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

1. The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

1

2. For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All persons, who were participants in or beneficiaries of the Plan at any time between November 13, 2014 and September 30, 2021. Excluded from the Settlement Class are the members of the Plan's fiduciary committee during the Class Period.

3. The Court finds for the sole purpose of settling and resolving the Action that:

(a)   as required by Federal Rule of Civil Procedure 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)   as required by Federal Rule of Civil Procedure 23(a)(2), there are one or more questions of law and or fact common to the Settlement Class.

(c)   as required by Federal Rule of Civil Procedure 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify.

(d)   as required by Federal Rule of Civil Procedure 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to

2

be no conflicts between or among the Named Plaintiffs and the Settlement Class.

(e)   as required by Federal Rule of Civil Procedure 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)   as required by Federal Rule of Civil Procedure 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4. The Court hereby appoints Named Plaintiffs Steve Slavens, Frank Slavens, and Kevin Levy as Class Representatives for the Settlement Class, and

Edelson Lechtzin LLP and Fink Bressack PLLC, as Class Counsel for the Settlement Class.

5. The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to the Named Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The Court hereby finds that the Settlement was reviewed by an independent fiduciary, which has approved the Settlement. *See* Exhibit 1.

7. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

8. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a)     The Settlement was negotiated vigorously and at arm's length by Defendants and Defense Counsel, on the one hand, and Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b)     Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)     If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)     The amount of the Settlement – four hundred seventy thousand dollars ($470,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Class Settlement Amount is efficient and requires no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Federal Rule of Civil Procedure 23(e)(2)(C)(iv). The Gross Settlement Amount is within the range of settlement values obtained in similar cases;

5

(e)     At all times, Named Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f)     No objections have been filed.

9.  The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

10. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

11. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants)

6

from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

12. The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar,

comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

14. Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The operative complaint and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

16. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Order, the Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all

applications for awards of attorneys' fees and Case Contribution Awards to the Named Plaintiffs, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

17. Any motion to enforce this Final Order or the Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and or this Final Order or Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

18. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and the Judgment shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

19. With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be

resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

20. Within twenty-one calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

21. Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Order and Judgment.

**IT IS HEREBY ORDERED** that the motion for final approval of the class action settlement and certification of the settlement class [31] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

# EXHIBIT 1



# Report of the Independent Fiduciary
## for the Settlement in
## *Steve Slavens, et al. v. Meritor Inc., et al.*

March 10, 2022

700 12th Street NW   Suite 700   Washington, DC 20005   202-558-5130   www.fiduciarycounselors.com

## TABLE OF CONTENTS

I.      Introduction ................................................................................................................ 1

II.     Executive Summary of Conclusions ......................................................................... 1

III.    Procedure .................................................................................................................... 1

IV.     Background ................................................................................................................. 2

V.      Settlement ................................................................................................................... 3

VI.     PTE 2003-39 Determination ....................................................................................... 7

FIDUCIARY COUNSELORS

I.      **Introduction**

Fiduciary Counselors has been appointed as an independent fiduciary for the Meritor, Inc. Savings Plan (the "Plan") in connection with the settlement (the "Settlement") reached in *Steve Slavens, et al. v. Meritor Inc., et al.,* Case No. 2:20-cv-13047, (the "Litigation" or "Action"), which was brought in the United States District Court for the Eastern District of Michigan (the "Court"). Fiduciary Counselors has reviewed over 100 previous settlements involving ERISA plans.

II.     **Executive Summary of Conclusions**

After a review of key pleadings, decisions and orders, selected other materials and interviews with counsel for the parties, Fiduciary Counselors has determined that:

- The Court has preliminarily certified the Litigation as a class action for settlement purposes, and in any event, there is a genuine controversy involving the Plan.

- The Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims forgone.

- The terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.

- The transaction is not part of an agreement, arrangement, or understanding designed to benefit a party in interest.

- The transaction is not described in Prohibited Transaction Exemption ("PTE") 76-1.

- All terms of the Settlement are specifically described in the written settlement agreement.

- To the extent there is non-cash consideration, it is in the interest of Plan participants and beneficiaries, and the Plan is receiving no assets other than cash in the Settlement.

Based on these determinations about the Settlement, Fiduciary Counselors hereby approves and authorizes the Settlement on behalf of the Plan in accordance with PTE 2003-39.

III.    **Procedure**

Fiduciary Counselors reviewed key documents, including the Second Amended Complaint, two letters counsel for Defendants sent counsel for Plaintiffs setting out Defendants' positions on the issues and summarizing documents they provided to counsel for Plaintiffs, the Settlement Agreement, the Motion for Preliminary Approval and related papers, the Court's Order Preliminarily Approving Settlement, the Notice, the Motion for Award of Attorneys' Fees,



Expenses and Incentive Fee and related papers, and the Motion for Final Approval of Class Action Settlement, and Certification of Settlement Class and related papers. In order to help assess the strengths and weaknesses of the claims and defenses in the Litigation, as well as the process leading to the Settlement, the members of the Fiduciary Counselors Litigation Committee conducted separate telephone interviews with counsel for both Defendants and Plaintiffs and followed up with additional questions.

**IV. Background**

**A. Procedural History of Case**

*Litigation.*

On November 13, 2020, Plaintiffs Steve Slavins, Frank Slavins and Kevin Ley filed a Class Action Complaint against Meritor, Inc. ("Meritor"), the Board of Directors of Meritor, the Employee Benefits Committee, Mike Lei, and Timothy Heffron ("Defendants") alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Complaint alleged that Defendants breached their fiduciary duties to the Plan and its participants in violation of 29 U.S.C. § 1104, by: (1) selecting and retaining certain funds in the Plan despite the availability of virtually identical or similar investment options with lower costs and/or better performance history; (2) failing to select the lowest cost share class for the funds within the Plan; and (3) under-utilizing collective trusts and separate accounts as alternatives to the mutual funds in the Plan, despite their lower fees.

On January 22, 2021, Defendants' counsel sent Plaintiffs' counsel a letter explaining why Defendants believed the claims and allegations asserted in the original complaint were without merit. Along with that letter, Defendants voluntarily produced 44 documents, totaling nearly 1,000 pages, illustrating the various aspects of Meritor's fiduciary process for monitoring the Plan's investment options and fees.

Plaintiffs filed an Amended Class Action Complaint on April 16, 2021 adding an allegation that Defendants failed to monitor and control recordkeeping and other administrative fees. On April 29, 2021 Defendants' counsel sent Plaintiffs' counsel an additional letter asserting that the new allegations in the Amended Complaint were meritless and that, in light of the documents produced with the January 22, 2021 letter, numerous allegations essentially carried over from the original complaint were plainly false. In response, Plaintiffs altered their allegations in a Second Amended Class Action Complaint on June 16, 2021.

*Settlement and Preliminary Approval.*

Over the course of several months, the parties engaged in extensive arm's-length negotiations resulting in the Settlement Agreement.



Plaintiffs filed a motion seeking preliminary approval of the Settlement on November 23, 2021. The Court granted Plaintiffs' motion on December 7, 2021. The Court's order: (1) preliminarily certified the class for settlement purposes; (2) approved the form and method of class notice; (3) set April 22, 2022 as the date for a Fairness Hearing; (4) set March 29, 2022 as the deadline for objections; and (5) approved Angeion Group as the Settlement Administrator.

### Objections.

March 29, 2022 is the deadline for Class Members to file objections to the Settlement. As of the date of this report, no Class Members have filed any objections.

## V.   Settlement

### A.   Settlement Consideration

The Settlement provides for a Settlement Amount of $470,000. After deducting (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors, the remainder (known as the "Net Settlement Amount") will be distributed to the Class Members in accordance with the Plan of Allocation in the Settlement.

The Settlement also provides for prospective relief. Within two years of the Settlement Effective Date, the Plan's fiduciaries will initiate a request for proposal ("RFP") for recordkeeping and administrative services for the Plan. The RFP shall be made to at least three qualified service providers. After the RFP, the Plan's fiduciaries may decide to retain their then existing service providers for recordkeeping and administrative services or select different service providers for such services.

### B.   Class and Class Period

The Settlement defines the Settlement Class as follows:

> all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period.

The Settlement excludes members of the Plan's fiduciary committee during the Class Period.



The Class Period is the period from November 13, 2014 through September 30, 2021.

The Court has preliminarily certified the Settlement Class, for settlement purposes only.

**C.      The Release**

The Settlement defines Released Claims as follows:

> any and all past, present, and future actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action, accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts or failures to act from November 13, 2014 to the date of execution of this Settlement Agreement:

> (a)    That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint or in any complaint previously filed in the Class Action; or

> (b)    That arise out of, relate in any way to, are based on, or have any connection with (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plan's investment options or service providers; (b) disclosures or failures to disclose information regarding the Plan's investment options, fees, or service providers; (c) the management, oversight or administration of the Plan or its fiduciaries; (d) the use of Plan-related information by any of the Plan's service providers, including in marketing and selling investment and wealth management products to the Plan's participants; or (e) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions under ERISA; or

> (c)    That would be barred by *res judicata* based on entry of the Final Order; or

> (d)    That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation; or

> (e)    That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

The Class Representatives, Class Members and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does



not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

The terms of the release, including the provision for the Independent Fiduciary to provide a release of claims by the Plan, are reasonable in light of the allegations of the complaints and the fact that Plaintiffs' counsel had access to substantial documentation of Meritor's fiduciary process.

**D.    The Plan of Allocation**

For each Class Member who had an Active Account (an individual investment account in the Plan with a balance greater than $0) at any time during the period November 13, 2014 through September 30, 2021, the Net Settlement Amount will generally be distributed on a pro-rata basis, based on the average account balance for each Class Members' claim divided by the total average account balances for all Class Members' claims, multiplied by the Net Settlement Amount, as follows:

Step 1 – Allocate the Net Settlement Amount Between Period 1 and Period 2. Ninety percent (90%) of the Net Settlement Amount will be allocated to Class Members with Active Accounts in the Plan at any time between November 13, 2014 and December 31, 2018 ("Period 1"), while the remaining ten percent (10%) of the Net Settlement Amount will be allocated to Class Members with Active Accounts in the Plan at any time between January 1, 2019 and September 30, 2021 ("Period 2").

Step 2 – Calculate Settlement Payments for Period 1 Class Members. The Period 1 settlement payment for each Class Member with an Active Account during Period 1 ("Period 1 Class Members") will be calculated by dividing each Period 1 Class Member's average quarter-ending account balance during Period 1 by the total of all such average quarter-end balances for all Period 1 Class Members to arrive at each Period 1 Class Member's pro-rata settlement percentage. The pro-rata settlement percentage for each Period 1 Class Member will then be multiplied by an amount equal to ninety percent (90%) of the Net Settlement Amount to arrive at the Period 1 settlement payment for each Period 1 Class Member.

Step 3 – Calculate Settlement Payments for Period 2 Class Members. The Period 2 settlement payment for each Class Member with an Active Account during Period 2 ("Period 2 Class Members") will be calculated by dividing each Period 2 Class Member's average quarter-ending account balance during Period 2 by the total of all such average quarter-end balances for all Period 2 Class Members to arrive at each Period 2 Class Member's pro-rata settlement percentage. The pro-rata settlement percentage for each Period 2 Class Member will then be multiplied by an amount equal to ten percent (10%) of the Net Settlement Amount to arrive at the Period 2 settlement payment for each Period 2 Class Member.



Class Members who are both Period 1 and Period 2 Class Members will receive a settlement payment equal to the total of their Period 1 and Period 2 settlement payments.

The Plan's recordkeeper or any other entity with appropriate authority under the Plan shall allocate to the Plan accounts of Class Members who are not Former Participants any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation. The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to the Former Participants as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to Former Participants.

We find the Plan of Allocation to be reasonable, including the allocation of the settlement amounts based on Class Members' average account balance during the November 12, 2014 through September 30, 2021 class period, relative to the average account balance of other Class Members, with a greater portion of the Net Settlement Fund being allocated to account balances between November 12, 2014 through December 31, 2018, before the Plan implemented certain recordkeeping and administrative fee reductions for subsequent periods. The provisions are cost-effective and fair to Class Members.

**E.    Attorneys' Fees, Litigation Expenses and Service Awards**

Class Counsel seek an award of attorneys' fees in the amount of $141,000, which represents 30% of the $470,000 Settlement Amount. Class Counsel's lodestar was $232,417.50 (as of February 25, 2022), which would produce a lodestar multiplier of 0.61 if the requested $141,000 were awarded.

In our experience, the percentage requested and the lodestar multiplier are within the range of attorney fee awards for similar ERISA cases. In light of the work performed, the result achieved, the litigation risk assumed by Class Counsel, and the combination of the percentage and the lodestar multiplier, Fiduciary Counselors finds the requested attorneys' fees to be reasonable.

Class Counsel also request reimbursement of $5,248.98 in litigation costs, including expenses relating to consulting experts' fees ($2,263.00), electronic research ($1,465.48), website updates ($400), case administration ($425), court filing fees ($403.70), photocopies ($243) and postage ($48.80). Fiduciary Counselors finds the request for expenses to be reasonable.

Furthermore, Class Counsel seek incentive awards of $7,500 for each of the Named Plaintiffs Steve Slavins, Frank Slavins, and Kevin Ley for a total of $22,500. Named Plaintiffs have actively engaged in this case from the very beginning and they have devoted a significant amount of time to prosecuting this Action. Among other things, Named Plaintiffs assisted Class Counsel in gathering Plan documents, account statements, and other facts and materials in assisting Class Counsel research and draft the Class Action Complaint. They reviewed each of the pleadings and authorized their filings; they regularly requested and received status updates concerning the litigation and settlement negotiations; and they considered various proposed terms of the Settlement



and ultimately authorized Class Counsel to accept Defendants' offer of settlement. During critical periods in the case (such as during the drafting of the complaint and settlement negotiations), Named Plaintiffs and their counsel conferred via telephone and email multiple times per week.

In sum, although the Court ultimately will decide what fees, expenses and incentive awards to approve, we find that the requested amounts are reasonable under ERISA.

## VI.    PTE 2003-39 Determination

As required by PTE 2003-39, Fiduciary Counselors has determined that:

- **The Court has preliminarily certified the Litigation as a class action for settlement purposes only.** Thus, the requirement of a determination by counsel regarding the existence of a genuine controversy does not apply. Nevertheless, we have determined that there is a genuine controversy involving the Plan. Based on the documents we reviewed and our calls with counsel, we find that there is a genuine controversy involving the Plan within the meaning of the Department of Labor Class Exemption, which the Settlement will resolve.

- **The Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan, and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone.** The Plaintiffs filed the Complaint and alleged that Defendants breached their fiduciary duties to the Plan and its participants in (1) selecting and retaining certain funds in the Plan despite the availability of virtually identical or similar investment options with lower costs and/or better performance history; and (2) failing to select the lowest cost share class for the funds within the Plan. In the Second Amended Complaint, Plaintiffs added an allegation that Defendants failed to monitor and control recordkeeping and other administrative fees. Defendants deny all allegations of wrongdoing and deny all liability for the claims in this Action. According to Class Counsel's papers in support of Final Approval, it became clear through informal discovery that Defendants had a strong basis of defense. Class Counsel noted that Defendants, in absence of a settlement, would argue that they regularly monitored the Plan's fees and fund performance through third-party fee benchmarking and investment fund performance analyses. Defendants would also point to their fiduciary oversight practices such as regularly occurring fiduciary committee meetings and adherence to an investment policy statement. Defendants would further argue that these practices resulted in lower fees and better performing funds, such as through changes to the Plan fund lineup. These arguments presented considerable obstacles to Plaintiffs obtaining relief.

Without the Settlement, the parties would likely have faced several more years of litigation, including appeals from any decisions on the merits. Had they not reached a settlement, Plaintiffs would need to initiate additional litigation efforts including the completion of fact and expert discovery, class certification briefing and argument, summary judgment briefing and argument, designation of witnesses and exhibits,



Page 8

preparation of pre-trial memoranda and proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's inevitable appeal.

Plaintiffs would have faced substantial challenges in establishing liability and remedies. Defendants vigorously defended their actions. Continued litigation would have likely resulted in appeals, causing more expense and further delaying resolution. Instead of a drawn-out period of costly litigation, with a risk of no recovery, class members will receive a certain benefit now whether they are current participants in the Plan or former participants.

The size of the Settlement is $470,000, a fair and reasonable recovery given the results in numerous similar cases in the last several years, the defenses the Defendants would have asserted, the risks involved in proceeding to trial, and the possibility of reversal on appeal of any favorable judgment. Class Counsel estimated the amount of possible recoveries was up to $2.3 million. According to Class Counsel's estimates, the $470,000 represents approximately 20.7% of the best gross recovery (12.4% of net recovery) if Plaintiffs had prevailed on their theories of recovery. We note that this estimate is based on a very aggressive assumption regarding how low per head participant administration and recordkeeping fees should have been, so the $470,000 would be a significantly higher percentage of possible recoveries based on more realistic assumptions about what those fees should have been.

Given the substantial expense and risk involved in further litigation, the difficulty in prevailing on the merits and establishing damages, and the delay that would have resulted in providing any relief to the Class if the matter had been prolonged through trial and appeal, the amount of the Settlement is reasonable.

Fiduciary Counselors also finds the other terms of the Settlement to be reasonable, including the scope of the release, attorneys' fees and expenses, the requested incentive awards to the Class Representatives, and the Plan of Allocation.

- **The terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.** As indicated in the finding above, Fiduciary Counselors determined that Class Counsel obtained a favorable agreement from Defendants in light of the challenges in proving the underlying claims.

- **The transaction is not part of an agreement, arrangement or understanding designed to benefit a party in interest.** Fiduciary Counselors found no indication the Settlement is part of any broader agreement between Defendants and the Plan.

- **The transaction is not described in PTE 76-1.** The Settlement did not relate to delinquent employer contributions to multiple employer plans and multiple employer collectively bargained plans, the subject of PTE 76-1.



- **All terms of the Settlement are specifically described in the written settlement agreement.**

- **To the extent there is non-cash consideration, it is in the interest of Plan participants and beneficiaries, and the Plan is receiving no assets other than cash in the Settlement.** In addition to paying the $470,000 Settlement Amount, Defendants have agreed to additional prospective relief. As described in Section V.A above, and as specifically described in the Settlement, within two years of the Settlement Effective Date, the Plan's fiduciaries will initiate an RFP for recordkeeping and administrative services for the Plan. The RFP shall be made to at least three qualified service providers. After the RFP, the Plan's fiduciaries may decide to retain their then existing service providers for recordkeeping and administrative services or select different service providers for such services. This non-monetary relief is consistent with the objectives of the Second Amended Complaint. Thus, including the non-monetary consideration was more beneficial to participants and beneficiaries than an all-cash settlement would have been. The non-cash consideration does not include non-cash assets, so the requirements related to non-cash assets do not apply.

- **Acknowledgement of fiduciary status.** Fiduciary Counselors has acknowledged in its engagement that it is a fiduciary with respect to the settlement of the Litigation on behalf of the Plan.

- **Recordkeeping.** Fiduciary Counselors will keep records related to this decision and make them available for inspection by the Plan's participants and beneficiaries as required by PTE 2003-39.

- **Fiduciary Counselors' independence.** Fiduciary Counselors has no relationship to, or interest in, any of the parties involved in the litigation, other than the Plan, that might affect the exercise of our best judgment as a fiduciary.

Based on these determinations about the Settlement, Fiduciary Counselors (i) authorizes the Settlement in accordance with PTE 2003-39; and (ii) gives a release in its capacity as a fiduciary of the Plan, for and on behalf of the Plan. Fiduciary Counselors also has determined not to object to any aspect of the Settlement.

Sincerely,

*Stephen Caflisch*

Stephen Caflisch
Senior Vice President & General Counsel

FIDUCIARY COUNSELORS